UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

THE SPACE, INC.,                                    Case No. 08 CV 2854
                                                    (SAS)(HBP)

                              Plaintiff,


                    -against-


PERRY ALAN SIMOWITZ, SPOTLIGHT VENTURES,
INC. d/b/a PERRY ALAN PRODUCTIONS, PERRY
ALAN SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS,
and PERRY ALAN PRODUCTIONS,

                              Defendants.

------------------------------------------------------------------------X


---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS

---


### GORDON & REES, LLP
ATTORNEYS FOR DEFENDANTS
**PERRY ALAN SIMOWITZ, SPOTLIGHT VENTURES, INC. d/b/a PERRY ALAN PRODUCTIONS, PERRY ALAN SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS AND PERRY ALAN PRODUCTIONS**
90 BROAD STREET, 23RD FLOOR
NEW YORK, NEW YORK 10004
PHONE: (212) 269.5500
FAX:  (212) 269.5505

Table of Contents

Page

PRELIMINARY STATEMENT ........................................................................... 1

FACTS ACCORDING TO THE COMPLAINT .................................................. 2

ARGUMENT ....................................................................................................... 4

POINT I:   Plaintiff's Fraud Cause of Action Must Be Dismissed For Failure To
           State A Claim................................................................................... 4

POINT II:  New York Law Applies To This Contract Action .............................. 5

POINT III: Plaintiff 's Fraud Claim Cannot Survive Dismissal Because It Merely
           Restates Plaintiff's Breach of Contract Claim .................................. 6

POINT IV:  Plaintiff's Fraud Claim Should Be Dismissed For Failure to Comply
           With The Federal Rules Governing Pleadings ................................. 8

POINT V:   Perry Alan Simowitz Cannot Be Held Individiually Liable In This
           Contract Case................................................................................... 11

CONCLUSION..................................................................................................... 12

TABLE OF AUTHORITIES

**Cases**                                                            **Page**

<u>Acito v. IMCERA Group, Inc.</u>,
47 F.3d 47, 51 (2d Cir. 1995)...................................................................10

<u>Agron v. Dunham & Assoc.</u>,
No. 02 Civ. 11171 (LAP), 2004 WL 691682, *2 (S.D.N.Y. March 31, 2004) ...................4

<u>Borghi v. Gander & White Shipping Ltd.</u>,
No. 03 Civ. 6412 (HB), 2004 WL 1375516, *1 (S.D.N.Y. June 18, 2004) ......................5

<u>Boscov's Dept. Stores, LLC v. AKS International AA Corp.</u>,
No. 01 Civ. 105880 (GWG), 2003 WL 21576405, * 4 (July 11, 2003) ...........................11

<u>Briefstein v. P.J. Rotondo Constr. Co.</u>,
187 N.Y.2d 866, 868 (1959) ...................................................................6

<u>Bronx Store Equip. Co., Inc. v. Westbury</u>,
280 A.D.2d 352, 721 N.Y.S.2d 28 (1st Dept. 2001).........................................6

<u>Conley v. Gibson</u>,
355 U.S.41, 45-46 (1957). .....................................................................4

<u>DePinto v. Ashley Scott, Inc.</u>,
222 A.D.2d 288, 635 N.Y.S.2d 215 (1st Dept. 1995).......................................6

<u>Deutsch v. Flannery</u>,
597 F.Supp. 917, 921 (S.D.N.Y. 1984) .....................................................9

<u>DiVittorio v. Equidyne Extractive Indus. Inc.</u>,
822 F.2d 1242, 1247 (2d Cir. 1987)........................................................10

<u>DM Research, Inc. v. College of Amer. Pathologists</u>,
170 F.3d 53, 55 (1st Cir. 1999)..............................................................4

<u>Eastman Kodak Co. v. Roopak Enterprises, Ltd</u>,
202 A.D.2d 220, 222, 608 N.Y.S.2d 445 (1st Dept. 1994)..................................6

<u>Gilbert v. Seton Hall Univ.</u>,
332 F.3d 105, 109 (2d Cir. 2003)). ..........................................................5

<u>Grandon v. Merrill Lynch & Co.</u>,
147 F.3d 184, 188 (2d Cir. 1998)............................................................4

H.J. Inc. v. Northwestern Bell Tel. Co.,
492 U.S. 229, 249-50 .......................................................................................4

Idema v. Wager,
120 F.Supp.2d 361, 365 (S.D.N.Y. 2000) ........................................................4

JE Morgan Knitting Mills, Inc. v. Reeves Bros., Inc.,
243 A.D.2d 422, 633 N.Y.S.2d 211 (1st Dept. 1997)......................................7

Matter of Allstate Ins. Co.
81 N.Y.2d 219, 226, 597 N.Y.S.2d 904 (1993)………………………………………5

Mills v. Polar Molecular Corp.,
12 F.3d 1170, 1175 (2d Cir. 1993)................................................................10

Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.,
170 F.R.D. 361, 374  (S.D.N.Y. 1997) .......................................................9,10

Priel v. Heby,
791 N.Y.S.2d 873, 2004 WL 1753375, 2004 N.Y. Slip Op. 50820(U)
(N.Y. Sup., N.Y. Cty. 2004)...........................................................................7

Rocanova v. Equitable Life Assurance Soc.,
83 N.Y.2d 603, 614, 612 N.Y.S.2d 339 (1994) ..............................................7

W. Joseph McPhillips Inc. v. Ellis,
278 A.D.2d 682,    717 N.Y.S.2d 743 (3rd Dept. 2000)..................................11

Westminster Constr. Co., Inc. v. Sherman,
160 A.D.2d 867,  554 N.Y.S.2d 300 (2d Dept. 1990)................................11,12

## PRELIMINARY STATEMENT

The Complaint in this case is virtually barren when it comes to including facts. Rather, in the most conclusory manner imaginable,  Plaintiff, The Space, accuses numerous corporations (on an and/or basis), and/or their agents, servants and employees of having fraudulently entered into a series of contracts to lease space and equipment from Plaintiff in New York.  For example, Plaintiff asserts that "Defendant Perry Alan Simowitz, and/or defendant Spotlight Ventures, Inc. d/b/a Perry Alan Productions, its agents, servants and or employees, and or......" committed these wrongs.  But Plaintiff does not offer a shred of information regarding when, how and by whom in particular the alleged contract(s) were made.

Instead, Plaintiff merely provides a laundry list of possible "and/or" dates that contracts were made (*e.g.*, "on or about January 8, 2006 and/or July 11, 2006 and or October 9, 2006....") along with the possible "and/or" Defendants, and concludes at least some one of the Defendants entered into at least some one of the contracts and the contract(s) was breached by some one or more Defendants.  In sum, the Complaint is fatally vague, among other things.

The fraud cause of action cannot survive this Partial Motion To Dismiss both because of its vagueness and because the Complaint sets forth only a breach of contract action.  There is no viable fraud claim.  The fraud claim simply is the breach of contract claim stated in different words and given a different name.  But under New York law, the two causes of action unequivocally are one and the same.  Therefore, Plaintiff's fraud claim must be summarily dismissed.

The undeniable vagueness of the fraud claim precludes establishment of a cognizable cause of action. Given the nearly total lack of facts and the failure to explain how those facts entitle Plaintiff to relief, it neither satisfies the general pleading requirements of Federal Rule of Civil Procedure 8(a)(2) nor the heightened pleading requirements of Rule 9(b). Therefore, Plaintiff's fraud claim cannot withstand scrutiny and should be stricken from the Complaint.

Additionally, Plaintiff baselessly has included Perry Alan Simowitz as a Defendant in his individual capacity. The Complaint does not specify a single word uttered by Simowitz or action taken by him, yet he is named individually. The well-established principal that corporate officers are not liable for the actions of their companies has been blithely ignored. This general rule does not apply in situations unlike this one, where the individual officer has expressed an intent to be individually bound by a particular contract. As far as the Complaint is concerned, Simowitz said and did nothing on behalf of the corporation and certainly said and did nothing to indicate he intended to be personally liable for the acts of his corporation. As a result, the Complaint must be dismissed in its entirety as against Simowitz.

## FACTS ACCORDING TO THE COMPLAINT

On a series of dates between on or about January 8, 2006 and September 11, 2007, Plaintiff allegedly contracted with all Defendants to rent space to Simowitz and allow Defendants to use Plaintiff's premises, equipment and services at "The Space," located at 425 West 15th Street, New York, New York. Cmplt. ¶¶ 9-12. Said contracts are "valid and enforceable." Cmplt. ¶ 13. "Defendant Perry Alan Simowitz, and/or

Defendant Spotlight Ventures, Inc. d/b/a Perry Alan Productions, its agents servants and or employees, and/or defendant Perry Alan Simowitz d/b/a Perry Alan Productions, and/or Perry Alan Productions, its agents, servants and or employees" allegedly told Plaintiff they would pay Plaintiff for these services in accordance with the contracts and failed to pay as agreed in the contracts while Plaintiff allegedly performed its contractual obligations. Cmplt. ¶¶ 14, 15.

"Defendant Perry Alan Simowitz, and/or Defendant Spotlight Ventures, Inc. d/b/a Perry Alan Productions, its agents servants and or employees, and/or defendant Perry Alan Simowitz d/b/a Perry Alan Productions, and/or Perry Alan Productions, its agents, servants and or employees"  allegedly falsely represented that they would make payments pursuant to the contracts to Plaintiff for its services for the purpose of inducing Plaintiff to enter into the contracts and perform its obligations thereunder. Plaintiff reasonably relied on the representations made by "Defendant Perry Alan Simowitz, and/or Defendant Spotlight Ventures, Inc. d/b/a Perry Alan Productions, its agents servants and or employees, and/or defendant Perry Alan Simowitz d/b/a Perry Alan Productions, and/or Perry Alan Productions, its agents, servants and or employees." These individuals knew their representations were false when made and intended the statements to defraud Plaintiff. Cmplt. ¶¶ 19-23.

Plaintiff claims it is entitled to payments of $137,673.25 pursuant to the contracts and due to the purported fraud, with interest from the date of the breach to the present. Cmplt. ¶ 17. Plaintiff claims the same amount of damages resulting from the alleged fraudulent misrepresentations made by "Defendant Perry Alan Simowitz, and/or Defendant Spotlight Ventures, Inc. d/b/a Perry Alan Productions, its agents servants

3

and or employees, and/or defendant Perry Alan Simowitz d/b/a Perry Alan Productions, and/or Perry Alan Productions, its agents, servants and or employees" Cmplt. ¶¶ 19-24.

## ARGUMENT

### POINT I

### PLAINTIFF'S FRAUD CAUSE OF ACTION MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

A claim may be dismissed on motion of a party where the claim fails to state a valid cause of action. Federal Rule of Civil Procedure 12(b)(6). Such a motion should be granted where, as here, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (internal quotation marks and citation omitted). Although on a Motion To Dismiss, the well-pleaded allegations in the Complaint are to be taken as true (Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998)), Plaintiff cannot evade dismissal of its fraud cause of action simply by pleading "conclusory allegations or legal conclusions masquerading as factual conclusions." Agron v. Dunham & Assoc., No. 02 Civ. 11171 (LAP), 2004 WL 691682, *2 (S.D.N.Y. March 31, 2004); Idema v. Wager, 120 F.Supp.2d 361, 365 (S.D.N.Y. 2000).

Rather, Plaintiff is required to provide concrete facts to establish each and every element of its fraud claim in order to "justify dragging a defendant past the pleading threshold." DM Research, Inc. v. College of Amer. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999)(citations omitted). Defendants' Motion To Dismiss Plaintiff's fraud cause of action should be granted because it appears that Plaintiff can prove no set of facts in support of that claim entitling him to relief. Conley v. Gibson, 355 U.S.41, 45-46 (1957).

4

Plaintiff's fraud claim falls woefully short of satisfying the stringent pleading standards applied to such claims for two reasons. First, a plaintiff may not simultaneously plead fraud and breach of contract causes of action based on identical facts and seeking identical damages. Second, the fraud claim here does not satisfy the fundamental pleading rule that a Complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief...." F.R.C.P. 8(a)(2). Nor does it satisfy Rule 9(b), which requires that fraud be pleaded with particularity. This renders the fraud cause of action in Plaintiff's Complaint fatally flawed as a matter of law, and mandates immediate dismissal of that claim.

**POINT II**

**NEW YORK LAW APPLIES TO THIS CONTRACT ACTION**

In cases brought on the basis of diversity, "federal courts apply the choice of law rules of the forum state, in this case, New York." Borghi v. Gander & White Shipping Ltd., No. 03 Civ. 6412 (HB), 2004 WL 1375516, *1 (S.D.N.Y. June 18, 2004)(citing Gilbert v. Seton Hall Univ., 332 F.3d 105, 109 (2d Cir. 2003)). The alleged contracts at issue in this Complaint involved rental of space and equipment in New York and were to be performed in New York. They were negotiated with one party in New York and one in California.

New York applies a "center of gravity" or "grouping of contacts" test when determining choice of law in contract claims. Matter of Allstate Ins. Co., 81 N.Y.2d 219, 226, 597 N.Y.S.2d 904 (1993). The foregoing contacts with New York are sufficient to result in application of New York law. Therefore, when state law applies, Defendants will rely upon New York law.

5

## POINT III

## PLAINTIFF'S FRAUD CLAIM CANNOT SURVIVE DISMISSAL BECAUSE IT MERELY RESTATES PLAINTIFF'S BREACH OF CONTRACT CLAIM

Where as here, a contract claim and a claim for fraud are essentially duplicative, New York courts virtually always reject the fraud claim. One cannot convert a contract claim into a fraud claim simply by adding some variation on the word "fraud;" in this case, "defrauding" ((Cmplt. ¶ 23). Bronx Store Equip. Co., Inc. v. Westbury, 280 A.D.2d 352, 721 N.Y.S.2d 28 (1st Dept. 2001); DePinto v. Ashley Scott, Inc., 222 A.D.2d 288, 635 N.Y.S.2d 215 (1st Dept. 1995).

Nor is a claim for fraud "sufficiently stated where it alleges that a defendant did not intend to perform a contract…when he made it." Eastman Kodak Co. v. Roopak Enterprises, Ltd, 202 A.D.2d 220, 222, 608 N.Y.S.2d 445 (1st Dept. 1994). Yet this is and precisely and exclusively what Plaintiff relies upon here to establish the purported fraud. Plaintiff expressly contends one or more Defendants, and/or each's agents, servants and employees entered into the contracts, knowing that they would not perform their part of the bargain, thereby supposedly defrauding Plaintiff. Cmplt. ¶¶ 19, 22.

But New York's highest court, the Court of Appeals, specifically has held that an intention not to perform a contract when making the contract does not give rise to a fraud claim:

> To say that a contracting party intends when he enters into an agreement not to be bound by it is not to state 'fraud' in an actionable area, but to state a willingness to risk paying damages for breach of contract….Actionable relief hangs on breach, …relief does not lie for fraud resting on an intention not to perform.

Briefstein v. P.J. Rotondo Constr. Co., 187 N.Y.2d 866, 868 (1959).

Similarly, in <u>Rocanova v. Equitable Life Assurance Soc.</u>, 83 N.Y.2d 603, 614, 612 N.Y.S.2d 339 (1994), New York's Court of Appeals affirmed a lower court's rejection of a fraud cause of action because "a contract action cannot be converted to one for fraud merely by alleging that the contracting party did not intend to meet its contractual obligations." Given that such an allegation is all Plaintiff has provided here and Plaintiff has offered no other single fact that might sustain a fraud claim, that claim is irremediably deficient and must be dismissed.

Further, no viable cause of action for fraud can be stated where, as here, the facts giving rise to the fraud claim are the same as those that "underlie" the breach of contract claim; the fraud is not "collateral" to the contract; and the fraud does not result in alleged damages that would be unavailable under the breach of contract cause of action. <u>JE Morgan Knitting Mills, Inc. v. Reeves Bros., Inc.</u>, 243 A.D.2d 422, 633 N.Y.S.2d 211 (1st Dept. 1997).

For example, in <u>Priel v. Heby</u>, 791 N.Y.S.2d 873, 2004 WL 1753375, 2004 N.Y. Slip Op. 50820(U) (N.Y. Sup., N.Y. Cty. 2004), plaintiff alleged breach of a joint venture agreement as well as a claim for fraud, alleging that defendant's representation to plaintiff about profits were made pursuant to that agreement. The Court found that plaintiff's claim for fraud was based solely on allegation that "[defendant] knew at the time he entered into the joint venture agreement with [plaintiff] that he did not intend to comply with it...instead of being collateral to the contract, the misrepresentation alleged by plaintiff is directly related to the contract and the damages sought are simply contract damages." <u>Id.</u> at *5.

Likewise, in this action, Plaintiff alleges that one or more Defendants, and/or each's agents, servants and employees knowingly misrepresented their intent to pay for the rentals at issue. Simultaneously, Plaintiff alleges in the Complaint that it is entitled to those rental payments pursuant to purported contracts. Therefore, because Plaintiff's claim for fraud actually stems from the same "valid and enforceable" (Cmplt. ¶ 13) contracts that Plaintiff alleges entitle it to the rental payments in the first place, the fraud claim cannot go forward independently. Plaintiff's claim for fraud is exactly duplicative of its breach of contract claim and accordingly must be dismissed. The fraud claim is not collateral to the alleged contracts between the parties. On the contrary, the compensatory damages sought in Plaintiff's cause of action for fraud are simply the same ones sought under Plaintiff's breach of contract claim. Compare Cmplt. ¶ 17 with ¶ 24. Consequently, Plaintiff's second cause of action, for fraud, is fatally flawed and should be dismissed.

### POINT IV

**PLAINTIFF'S FRAUD CLAIM SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH THE FEDERAL RULES GOVERNING PLEADINGS**

Plaintiff's fraud claim further should be dismissed because it falls woefully short of meeting federal pleading standards. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires Plaintiff, *inter alia,* to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's fraud claim is vague, not plain; and it certainly does not demonstrate that Plaintiff is entitled to relief. Instead, it is

short, but only on facts.  Indeed, not a single factual detail regarding any alleged fraud has been included in the Complaint.

Moreover, this glaring absence of specific facts also violates Rule 9(b) of the Federal Rules of Civil Procedure.  That rule mandates, *inter alia,* "In all averments of fraud...the circumstances constituting fraud...shall be stated with particularity."  Plaintiff patently has ignored this basic rule.  To meet this requirement, Plaintiff must set forth "specific facts, sources that support the alleged specific facts and a basis from which an inference of fraud may be fairly drawn."  Deutsch v. Flannery, 597 F.Supp. 917, 921 (S.D.N.Y. 1984)(addressing securities fraud).

In total dereliction of its pleading obligations, Plaintiff fails even to identify who made the alleged false representations that Defendants would pay for Plaintiff's rental services.  Instead, all the Defendants are identified en masse, along with their "agents, servants and or employees."  Cmplt. ¶¶ 19-23.  No specific utterance is identified as fraudulent.  Nothing about the location or time of the alleged fraudulent misrepresentations is said either.  Nor does the Complaint mention the speaker and the person to whom the supposed misrepresentations were made.  This hardly puts each or any Defendant on notice of what they must defend against, which is the purpose of the strict Rule 9(b) requirement.  Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc., 170 F.R.D. 361, 374 (S.D.N.Y. 1997).

In the Old Republic case, the court explained the facts necessary to put Defendants on notice.  The "Complaint must (1) specify those statements that the plaintiff claims were fraudulent; (2) identify the speaker; (3) specify where and when the statements were made; and (4) explain why the statements were fraudulent in nature."

Id. (citing Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993) and Acito v. IMCERA Group, Inc., 47 F.3d 47, 51 (2d Cir. 1995)). The complete and utter failure of Plaintiff to provide any of the foregoing requisite facts, and explain how certain specific statements constituted fraud is fatal to Plaintiff's Second Cause of Action for fraud, which should be stricken from the Complaint entirely.

Furthermore, these factors must be satisfied as to each and every Defendant in this action. Old Republic, 170 F.R.D. at 374. "Where multiple defendants are asked to respond to allegations of fraud, the complaint should in form each defendant of the nature of his alleged participation in the fraud." Id. (citing DiVittorio v. Equidyne Extractive Indus. Inc., 822 F.2d 1242, 1247 (2d Cir. 1987)). Again, Plaintiff's flagrant omissions of facts particular to each Defendant is lethal. Instead of satisfying these fundamental pleading rules, Plaintiff entirely fails even to distinguish among the Defendants, or specify which Defendants participated in the alleged fraud, or whether their agents, servants and employees participated in such purported fraud.

Rather, in a shotgun fashion, hoping that someone somewhere at some time made a misrepresentation, Plaintiff charges that "Defendant Perry Alan Simowitz, and/or Defendant Spotlight Ventures, Inc. d/b/a Perry Alan Productions, its agents servants and or employees, and/or defendant Perry Alan Simowitz d/b/a Perry Alan Productions, and/or Perry Alan Productions, its agents, servants and or employees" may have committed the fraud. This is unconscionable, prohibits preparation of any kind of defense whatsoever and is the ultimate in vague and unacceptable pleading. Accordingly, Plaintiff's fraud claim cannot survive and Defendants' Motion To Dismiss Plaintiff's Second Cause of Action for fraud should be granted forthwith.

## POINT V

## PERRY ALAN SIMOWITZ CANNOT BE HELD INDIVIDUALLY LIABLE IN THIS CONTRACT CASE

It is a well established legal principle that corporate officers, such as Simowitz, typically cannot be found liable in their individual capacity in connection with contracts entered into on behalf of a corporation "unless the officer expresses some intention to be personally bound, for the officer is in effect an agent of the corporate principal." W. Joseph McPhillips Inc. v. Ellis, 278 A.D.2d 682,    717 N.Y.S.2d 743 (3rd Dept. 2000)(citations omitted); Boscov's Dept. Stores, LLC v. AKS International AA Corp., No. 01 Civ. 105880 (GWG), 2003 WL 21576405, * 4 (July 11, 2003)(same; citing W. Joseph McPhillips case, supra). Plaintiff has not even asserted, nor could it, that Simowitz indicated that he intended to be personally bound by the supposed contracts at issue here. As a result, Plaintiff has no claim against Simowitz and the Complaint should be dismissed in its entirety as against him.

In a case involving closely analogous facts to this case, the court declined to hold an individual officer liable for construction work performed by his corporation, despite his alleged fraudulent representation that he and the corporation were capable of performing that work. Westminster Constr. Co., Inc. v. Sherman, 160 A.D.2d 867, 554 N.Y.S.2d 300 (2d Dept. 1990). The complaint asserted causes of action for breach of contract, negligent performance of the work and fraudulently inducing plaintiff corporation to give defendants the contract.

First, the court repeated the general rule that corporate officers may not be held liable for breaches of contract committed by their companies unless they presented themselves as being bound to the contract in an individual capacity. 160 A.D.2d at 868. Second, held that the officer's purported inducement by making a misrepresentation, followed by failure to perform as promised, is a breach of contract action. Id.

The court accordingly affirmed dismissal one of the negligence claims and the fraudulent inducement claim against the corporate office because, in reality, they were contract claims. "Since the respondent, individually, cannot…be held liable for a breach of contract between his corporation and another, those causes of action were properly dismissed." Id.

Simowitz is a corporate officer accused of breach of contract, regardless of how Plaintiff has characterized the cause of action (e.g., as fraud). He is in precisely the same situation as was the individual defendant and corporate officer, Mr. Sherman, in the Westminster Construction case. Accordingly, the same result should be reached and all causes of action against Simowitz should be dismissed.

## CONCLUSION

Based upon the foregoing, Defendants' Motion To Dismiss Cause of Action Two of Plaintiff's Complaint, alleging fraud, should be granted with respect to all Defendants and Plaintiff's Motion To Dismiss the entire Complaint as against Perry Alan Simowitz, as an individual, should be granted.

12

Dated: New York, New York
      March 19, 2008

GORDON & REES, LLP


Deborah Swindells Donovan, Esq. (DD 3121)
Attorney for Defendants
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 269-5500