UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE SPACE, INC.,

           Plaintiff,

      -against-

PERRY ALAN SIMOWITZ,
SPOTLIGHT VENTURES, INC. d/b/a PERRY
ALAN PRODUCTIONS, PERRY ALAN
SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS,
and PERRY ALAN PRODUCTIONS,

           Defendants,

---

Case No. 08 CV 2854
(SAS)(HBP)

**NOTICE OF CROSS MOTION**

PLEASE TAKE NOTICE, that the annexed affirmation of Brett M. Grossman, attorney for

plaintiff and upon all prior pleadings and proceedings herein, and all the exhibits annexed

thereto, dated April 14, 2008, the undersigned will move this Court before the Honorable Shira

Scheindlin, at the courthouse located at 500 Pearl Street, New York, NY 10007, at a time to be

determined by the Court, for an Order pursuant to 28 U.S.C.A. § 1446(b) dismissing and/or

striking the Notice of Removal filed in the above-referenced case by defendants, and returning

this action to State Court, due to defendants' failure to file the Notice of Removal within thirty

(30) days after the receipt of the Summons and Complaint by the defendants, and for such other

and further relief as this Court deems just and proper.

PLEASE TAKE FURTHER NOTICE, that Answering Affidavits and or Affirmations are to be

served upon the undersigned pursuant to the Federal Rules of Civil Procedure.

Dated:  New York, New York
         April 14, 2008

                                    BRETT M. GROSSMAN
                                    GROSSMAN & GROSSMAN, P.C.
                                    Attorneys for Plaintiff
                                    360 Lexington Avenue, 12th Floor
                                    New York, New York 10017
                                    (212) 616-8177

TO: GORDON & REES, LLP
      Attorney for Defendants
      90 Broad Street, 23rd Floor
      New York, NY 10004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE SPACE, INC.,

                Plaintiff,

           -against-

-PERRY ALAN SIMOWITZ,
SPOTLIGHT VENTURES, INC. d/b/a PERRY
ALAN PRODUCTIONS, PERRY ALAN
SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS,
and PERRY ALAN PRODUCTIONS,

                Defendants,

---

Case No. 08 CV 2854
(SAS)(HBP)

**AFFIRMATION IN SUPPORT
OF CROSS MOTION AND IN
OPPOSITION TO
DEFENDANTS' NOTICE OF
MOTION**

---

Brett M. Grossman, an attorney duly admitted to practice law in the Courts of the State of

New York, affirms the truth of the following under the penalty of perjury:

    1.     I am a member of the law firm of Grossman and Grossman, P.C., attorneys for

plaintiff, THE SPACE, INC.,

    2.     This affirmation is submitted in support of plaintiff's Cross-Motion to dismiss

and/or strike the Notice of Removal filed in the above-referenced case by defendants, and return

this action to State Court. This affirmation is additionally submitted in opposition to defendant's

Notice of Motion seeking dismissal of plaintiff's fraud cause of action and absolving defendant

Perry Alan Simowitz of individual liability. (It should be noted that this opposition is provided

even though plaintiff believes a decision on this Cross-Motion is a threshold issue to be decided

by this Court which if granted would render this Court the improper forum for defendants'

motion to be heard). This affirmation is based upon actual working on and familiarity with the

**3**

case and a review of the files of this action.

3.    This is an action for damages due to defendants' breach of contract, fraud and unjust enrichment, stemming from contracts between the parties in which defendants agreed to and did rent plaintiff's space, and use plaintiff's premises, equipment and services at "The Space" located at 425 West 15th Street, New York, NY.  Following such services, defendants failed to pay plaintiff.  (See invoices annexed hereto as Exhibit "1")

## PROCEDURAL HISTORY

4.    On January 18, 2008, plaintiff commenced an action against defendants in Supreme Court, County of New York, with the purchasing of Index No.: 100814/08, and the filing of a Summons and Complaint. (Annexed hereto as Exhibit "2")

5.    The Summons and Complaint was served on defendants on February 12, 2008. (See Affidavits of Service annexed hereto as Exhibit "3")

6.    On March 20, 2008, defendants, by counsel, filed a Notice of Removal and a Rule 7.1 Disclosure Statement, along with the Notice of Motion which is presently before this Court.

7.    Plaintiff now submits the instant Cross-Motion to dismiss the Notice of Removal.

8.    Plaintiff now also opposes defendants' Notice of Motion. (For a full discussion of the applicable law, please see the accompanying Memorandum of Law which is fully incorporated by reference hereto.

## DEFENDANTS' NOTICE OF REMOVAL

9.    Pursuant to 28 U.S.C.A. § 1446(b), a Notice of Removal shall be filed within thirty (30) days of receipt of the pleading.   Throughout the federal districts, the time requirement for filing for removal is mandatory; it must be strictly complied with. Village Imp. Ass'n of

Doylestown, Pa. v. Dow Chemical Co., 655 F. Supp. 311 (E.D. Pa. 1987). This rule will be strictly or narrowly construed. Greensmith Co., Inc. v. Com Systems, Inc., 796 F. Supp. 812 (D.N.J. 1992). Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5 (E.D. N.Y. 2005). Failure to file for removal in time precludes such filing at any subsequent stage of the proceedings. Schwartz Bros., Inc. v. Striped Horse Records, 745 F. Supp. 338 (D. Md. 1990).

10.     In the instant case, defendants' Notice of Removal was filed on March 20, 2008, which is 37 days after defendants' were served with the Summons and Complaint. As defendants failed to file the Notice of Removal within the required time period, the Notice of Removal should be dismissed and the case should be returned to the Supreme Court, New York County.

## PLAINTIFF'S FRAUD CAUSE OF ACTION

11.     If this Court does not dismiss defendants' Notice of Removal, plaintiff's fraud cause of action is specific enough to withstand defendants' challenge. Rather than making the complaint unnecessarily lengthy, plaintiff provides in Paragraph 18 that it reiterates the prior allegations. (See Exhibit "2", p. 6). The prior allegations which were stated in plaintiff's breach of contract cause of action (paragraphs 9 – 17) are specific and provide dates, times and places, and are repeated by reference in the fraud cause of action.

12.     In addition, contrary to what defendants state in Points I and III of their Memorandum of Law, the fraud cause of action is different from the breach of contract cause of action in its allegations. Plaintiff alleges that defendants induced it to enter the contracts (para. 20), that defendants knew their representations were false (para. 22), and the representations were made for the purpose of defrauding the plaintiff (para. 23). These allegations are completely

different from plaintiff's breach of contract cause of action which does not allege any state of mind or intention by defendants and instead merely relies on defendants' failure to pay plaintiff for good and valid consideration.

13.    If a plaintiff alleges that it was induced to enter into a transaction because a defendant misrepresented material facts, the plaintiff has stated a claim for fraud even though the same circumstances also give rise to the plaintiff's breach of contract claim RKB Enterprises Inc. v. Ernst & Young, 182 A.D.2d 971, 972-73, 582 N.Y.S.2d 814 (3rd Dept. 1992).

14.    The material facts that defendants misrepresented were that they were solvent companies that could continue to rent from plaintiff on credit. In reality, defendants were already in significant debt to many creditors and were insolvent. (See Exhibit "4" which is a letter from the attorney for defendants threatening bankruptcy, with an attached list of approximately 60 creditors in the same industry). Clearly defendants were aware of their financial trouble long before it entered into many of the 60 contracts, especially the newer contracts, such as the contracts between them and plaintiff. This circumstantial evidence is certainly strong enough to surmise that defendants knew they could not have afforded nor intended to pay plaintiffs under the contract at the time the contract was entered into. Unlike a misrepresentation of future intent to perform, a misrepresentation of present facts is collateral to the contract (though it may have induced the plaintiff to sign the contract) and therefore involves a separate breach of duty. Deerfield Communications Corp. v. Chesebrough-Ponds, Inc., 68 N.Y.2d 954, 956, 510 N.Y.S.2d 88, 502 N.E.2d 1003 (1986).

15.    Point I of defendants' Memorandum is also inaccurate in its claim that the damages sought in the two causes of action are the same. In the First Cause of Action, plaintiff

merely seeks damages for the value of its services under the contract. In the cause of action for fraud however, even though plaintiff requests the same monetary damage figure, it states "in excess of that amount". In no way is plaintiff seeking to be limited by that figure in an award of damages for fraud. More importantly, plaintiff seeks punitive damages in the fraud claim but not in the breach of contract claim.

16.    Finally, in Point IV of defendants' Memorandum of Law in Support of their Notice of Motion, defendants' claim that the fraud claim should be dismissed for failure to comply with the Federal Rules of Civil Procedure governing pleadings. Defendants' counsel appears to misread the caption on plaintiff's complaint which states, Supreme Court, New York County. This case was filed in State Court in which the Federal Rules are not applicable. Notwithstanding defendants' argument, the above paragraphs in this Affirmation prove that the complaint is specific enough to withstand the pleading requirements of the FRCP.

## PERRY ALAN SIMOWITZ'S PERSONAL LIABILITY

17.    As to the fraud claim against defendant Simowitz, he can be held personally liable if he committed fraud individually, which is what is alleged. There is significant case law which provides that corporate officers may be held personally liable for personal torts committed in the performance of their duties for their corporation. See Widlitz v. Scher, 148 A.D.2d 530, 540 N.Y.S.2d 179 (2 Dept. 1989). Thus, if the fraud cause of action is not dismissed, defendant Simowitz cannot hide behind the protection of his corporation and must be held in as a defendant at least with reference to the fraud cause of action.

18.    As to the breach of contract cause of action, defendants argue that corporate directors and officers are not personally liable on contracts of their corporations, provided "they

did not purport to bind themselves personally under such contracts. This statement oversimplifies the laws on piercing the corporate veil.

19.    First, this rule applies only where the director or officer has acted in good faith. See First Bank of Americas v. Motor Car Funding, Inc., 257 A.D.2d 287, 690 N.Y.S.2d 17 (1st Dep't 1999). In the instant case, there is significant evidence that Mr. Simowitz did not act in good faith. It is clear from defendants' threats of bankruptcy that they intended to become insolvent so that creditors can collect only minimally against them. The only other target, the president and sole officer of these companies, defendant Perry Alan Simowitz, hides behind this corporate protection and seeks to avoid personal liability, thereby leaving all creditors with no financial remedy. In addition, it is believed that defendant Simowitz has opened a new company and is essentially running the same business under a different name. It is alleged that all of the foregoing was known and intended when plaintiff was induced to render services.

20.    More importantly, Courts do not dismiss cases against corporate officers at an early stage of the litigation because it is difficult to determine whether the corporate officer should be held personally liable before discovery is completed and all the documents have been exchanged and testimony has been taken. See First Bank, *supra*. Here, plaintiff only dealt with Perry Alan Simowitz. At no point did another individual present himself or herself as an officer of any of defendant companies. However, it is difficult to ascertain at this point what defendant Simowitz's relationship was with his company. Clearly the discovery process will assist all parties in determining defendant Simowitz's true relationship with his company and also whether he acted in good faith in entering into the contracts with the plaintiff.

8

21.    No prior application for the instant relief has been requested by plaintiff of this or any other Court.

WHEREFORE, plaintiff's Cross-Motion should be granted ordering the defendants' Notice of Removal be dismissed and the case returned to State Court, and defendants' motion be denied in its entirety, along with such other further and different relief as to this Court seems just and proper.

Dated: New York, NY
      April 14, 2008

_____
Brett M. Grossman

Exhibit 1



425 WEST 15TH STREET 6TH FL
NEW YORK, NEW YORK 10011

**Invoice**

| DATE | INVOICE # |
|---|---|
| 1/11/2007 | 07003 |

BILL TO

PERRY ALAN PRODUCTIONS
101 CALIFORNIA AVENUE
SUITE 303
SANTA MONICA, CA 90403
ATTN: PERRY ALAN SIMOWITZ

| P.O. NO. | TERMS | TAX ID NO. |
|---|---|---|
|  | Net 30 | 13-3806325 |

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| SHOOT DATES: JANUARY 8-10, 2006<br>JOB REFERENCE: REMY MARTIN |  |  |  |
| NORTH STUDIO RENTAL | 3 | 1,300.00 | 3,900.00 |
| CAFE |  | 99.00 | 99.00 |
| TELEPHONE CALLS - SEE REPORT |  | 16.47 | 16.47 |
| EQUIPMENT - SEE ATTACHED LIST |  | 6,095.00 | 6,095.00 |

| BO BRIDGES, PHOTOGRAPHER | **Total** | $10,110.47 |
|---|---|---|



425 WEST 15TH STREET 6TH FL.
NEW YORK, NEW YORK 10011

**Invoice**

| DATE | INVOICE # |
|------|-----------|
| 7/17/2006 | LOC0643 |

BILL TO

PERRY ALAN PRODUCTIONS
101 CALIFORNIA AVENUE
SUITE 303
SANTA MONICA, CA 90403
ATTN: PERRY ALAN SIMOWITZ

| P.O. NO. | TERMS | TAX ID NO. |
|----------|-------|------------|
|  | Net 30 | 13-3806325 |

| DESCRIPTION | QTY | RATE | AMOUNT |
|-------------|-----|------|--------|
| SHOOT DATES: JULY 11 & 12, 2006<br>JOB REFERENCE: TARGET<br>LOCATION: FORMULA STUDIOS, NYC<br><br>DIGITAL SERVICES- SEE ATTACHED SHEET |  | 4,290.00 | 4,290.00 |

| BRUNO GAGET PHOTOGRAPHER | **Total** | $4,290.00 |
|--------------------------|-----------|-----------|

THE S P A C E INC.

425 WEST 15TH STREET 6TH FL
NEW YORK, NEW YORK 10011

**Invoice**

| DATE | INVOICE # |
|------|-----------|
| 10/16/2006 | 06277 |

BILL TO

PERRY ALAN PRODUCTIONS
101 CALIFORNIA AVENUE
SUITE 303
SANTA MONICA, CA 90403
ATTN: PERRY ALAN SIMOWITZ

| P.O. NO. | TERMS | TAX ID NO. |
|----------|-------|------------|
| | Net 30 | 13-3806325 |

| DESCRIPTION | QTY | RATE | AMOUNT |
|-------------|-----|------|--------|
| SHOOT DATES: OCTOBER 9-15,2006 | | | |
| JOB REFERENCE: TARGET BEAUTY | | | |
| | | | |
| MIDDLE STUDIO RENTAL | 7 | 1,300.00 | 9,100.00 |
| DISCOUNTED RATE | 7 | -200.00 | -1,400.00 |
| CAFE | | 225.00 | 225.00 |
| TELEPHONE CALLS - SEE REPORT | | 69.22 | 69.22 |
| EQUIPMENT - SEE ATTACHED LIST | | 5,049.00 | 5,049.00 |
| DIGITAL SERVICES- SEE ATTACHED SHEET | | 18,745.00 | 18,745.00 |

| LIZ VON HOENE, PHOTOGRAPHER | **Total** | $31,788.22 |
|-----------------------------|-----------|------------|



425 WEST 15TH STREET 6TH FL
NEW YORK, NEW YORK 10011

**Invoice**

| DATE | INVOICE # |
|------|-----------|
| 10/17/2006 | LOC 0680 |

BILL TO

PERRY ALAN PRODUCTIONS
101 CALIFORNIA AVENUE
SUITE 303
SANTA MONICA, CA 90403
ATTN: PERRY ALAN SIMOWITZ

| P.O. NO. | TERMS | TAX ID NO. |
|----------|-------|------------|
|  | Net 30 | 13-3806325 |

| DESCRIPTION | QTY | RATE | AMOUNT |
|-------------|-----|------|--------|
| SHOOT DATES: OCTOBER 11-14, 2006 JOB REFERENCE: TARGET BEAUTY | | | |
| DIGITAL SERVICES- SEE ATTACHED SHEET | | 7,840.00 | 7,840.00 |

| GABRELLE IMPERATORI-PENN, PHOTOGRAPHER | **Total** | $7,840.00 |
|---|---|---|



THE S P A C E INC.

**Invoice**

425 WEST 15TH STREET 6TH FL
NEW YORK, NEW YORK 10011

| DATE | INVOICE # |
|------|-----------|
| 12/19/2006 | 06344 |

| BILL TO |
|---------|
| PERRY ALAN PRODUCTIONS<br>101 CALIFORNIA AVENUE<br>SUITE 303<br>SANTA MONICA, CA 90403<br>ATTN: PERRY ALAN SIMOWITZ |

| P.O. NO. | TERMS | TAX ID NO. |
|----------|-------|------------|
|  | Net 30 | 13-3806325 |

| DESCRIPTION | QTY | RATE | AMOUNT |
|-------------|-----|------|--------|
| SHOOT DATES: DECEMBER 11-15, 2006<br>JOB REFERENCE: TARGET OPTICAL/ 377913 | | | |
| FRONT STUDIO RENTAL | 5 | 1,300.00 | 6,500.00 |
| DISCOUNTED RATE | 5 | -200.00 | -1,000.00 |
| CAFE | | 187.00 | 187.00 |
| TELEPHONE CALLS - SEE REPORT | | 86.36 | 86.36 |
| EQUIPMENT - SEE ATTACHED LIST | | 8,244.00 | 8,244.00 |
| DIGITAL SERVICES- SEE ATTACHED SHEET | | 9,000.00 | 9,000.00 |

GREG SORENSEN, PHOTOGRAPHER

| **Total** | $23,017.36 |
|-----------|------------|

THE S P A C E INC.

**Invoice**

425 WEST 15TH STREET 6TH FL
NEW YORK, NEW YORK 10011

| DATE | INVOICE # |
|------|-----------|
| 2/9/2007 | 07040 |

| BILL TO |
|---------|
| PERRY ALAN PRODUCTIONS<br>101 CALIFORNIA AVENUE<br>SUITE 303<br>SANTA MONICA, CA 90403<br>ATTN: PERRY ALAN SIMOWITZ |

| P.O. NO. | TERMS | TAX ID NO. |
|----------|-------|------------|
|  | Net 30 | 13-3806325 |

| DESCRIPTION | QTY | RATE | AMOUNT |
|-------------|-----|------|--------|
| SHOOT DATES: FEBRUARY 7 & 8, 2007<br>JOB REFERENCE: TARGET HAIR ACCESSORIES | | | |
| MIDDLE STUDIO RENTAL | 2 | 1,300.00 | 2,600.00 |
| DISCOUNTED RATE | 2 | -200.00 | -400.00 |
| CAFE | | 63.50 | 63.50 |
| TELEPHONE CALLS - SEE REPORT | | 9.95 | 9.95 |
| EQUIPMENT - SEE ATTACHED LIST | | 2,431.00 | 2,431.00 |
| DIGITAL SERVICES- SEE ATTACHED SHEET | | 4,330.00 | 4,330.00 |

BRUNO GAGET PHOTOGRAPHER

**Total**    $9,034.45



THE S P A C E INC.

425 WEST 15TH STREET 6TH FL
NEW YORK, NEW YORK 10011

**Invoice**

| DATE | INVOICE # |
|------|-----------|
| 5/3/2007 | 07114 |

| BILL TO |
|---------|
| PERRY ALAN PRODUCTIONS<br>101 CALIFORNIA AVENUE<br>SUITE 303<br>SANTA MONICA, CA 90403<br>ATTN: PERRY ALAN SIMOWITZ |

| P.O. NO. | TERMS | TAX ID NO. |
|----------|-------|------------|
|  | Net 30 | 13-3806325 |

| DESCRIPTION | QTY | RATE | AMOUNT |
|-------------|-----|------|--------|
| SHOOT DATES: MAY 1 & 2, 2007<br>JOB REFERENCE: TARGET CIRCULAR 067804 |  |  |  |
| MIDDLE STUDIO RENTAL | 2 | 1,400.00 | 2,800.00 |
| DISCOUNTED RATE | 2 | -200.00 | -400.00 |
| CAFE |  | 41.00 | 41.00 |
| TELEPHONE CALLS - SEE REPORT |  | 3.07 | 3.07 |
| EQUIPMENT - SEE ATTACHED LIST |  | 3,652.00 | 3,652.00 |
| DIGITAL SERVICES- SEE ATTACHED SHEET |  | 3,750.00 | 3,750.00 |

| JIM MALUCCI, PHOTOGRAPHER | **Total** | $9,846.07 |
|---------------------------|-----------|-----------|



THE S P A C E INC.

**Invoice**

425 WEST 15TH STREET 6TH FL
NEW YORK, NEW YORK 10011

| DATE | INVOICE # |
|------|-----------|
| 5/14/2007 | 07120 |

BILL TO

PERRY ALAN PRODUCTIONS
101 CALIFORNIA AVENUE
SUITE 303
SANTA MONICA, CA 90403
ATTN: PERRY ALAN SIMOWITZ

| P.O. NO. | TERMS | TAX ID NO. |
|----------|-------|------------|
| | Net 30 | 13-3806325 |

| DESCRIPTION | QTY | RATE | AMOUNT |
|-------------|-----|------|--------|
| SHOOT DATES: MAY 7-11, 2007 | | | |
| JOB REFERENCE: TARGET OPTICAL | | | |
| | | | |
| MIDDLE STUDIO RENTAL | 5 | 1,400.00 | 7,000.00 |
| DISCOUTED RATE | 5 | -200.00 | -1,000.00 |
| OVERTIME $150.00 PER HOUR    5/9  6:00PM-9:00PM    5/10 6:00PM-7:00PM | 5 | 150.00 | 750.00 |
| 5/11  6:00PM-7:00PM | | | |
| CAFE | | 150.00 | 150.00 |
| TELEPHONE CALLS - SEE REPORT | | 10.50 | 10.50 |
| EQUIPMENT - SEE ATTACHED LIST | | 3,760.00 | 3,760.00 |
| DIGITAL SERVICES-SEE ATTACHED SHEET | | 9,155.00 | 9,155.00 |

ANDREAS SJODIN, PHOTOGRAPHER

**Total**   $19,825.50



THE S P A C E INC.

425 WEST 15TH STREET 6TH FL
NEW YORK, NEW YORK 10011

**Invoice**

| DATE | INVOICE # |
|------|-----------|
| 5/25/2007 | 07120A |

BILL TO

PERRY ALAN PRODUCTIONS
101 CALIFORNIA AVENUE
SUITE 303
SANTA MONICA, CA 90403
ATTN: PERRY ALAN SIMOWITZ

| P.O. NO. | TERMS | TAX ID NO. |
|----------|-------|------------|
|  | Net 30 | 13-3806325 |

| DESCRIPTION | QTY | RATE | AMOUNT |
|-------------|-----|------|--------|
| SHOOT DATES: MAY 7-11, 2007<br>JOB REFERENCE: TARGET OPTICAL | | | |
| DIGITAL REPAIRS | | 736.00 | 736.00 |

| ANDREAS SJODIN, PHOTOGRAPHER | **Total** | $736.00 |
|---|---|---|

THE S P A C E
INC.

425 WEST 15TH STREET 6TH FL
NEW YORK, NEW YORK 10011

**Invoice**

| DATE | INVOICE # |
|------|-----------|
| 6/4/2007 | 07141 |

| BILL TO |
|---------|
| PERRY ALAN PRODUCTIONS<br>101 CALIFORNIA AVENUE<br>SUITE 303<br>SANTA MONICA, CA 90403<br>ATTN: PERRY ALAN SIMOWITZ |

| P.O. NO. | TERMS | TAX ID NO. |
|----------|-------|------------|
|  | Net 30 | 13-3806325 |

| DESCRIPTION | QTY | RATE | AMOUNT |
|-------------|-----|------|--------|
| SHOOT DATE: MAY 31, 2007<br>JOB REFERENCE: 667941 |  |  |  |
| FRONT STUDIO RENTAL |  | 1,400.00 | 1,400.00 |
| DISCOUNTED RATE |  | -200.00 | -200.00 |
| CAFE |  | 31.50 | 31.50 |
| TELEPHONE CALLS - SEE REPORT |  | 3.45 | 3.45 |
| EQUIPMENT - SEE ATTACHED LIST |  | 1,340.00 | 1,340.00 |
| DIGITAL SERVICES- SEE ATTACHED SHEET |  | 2,040.00 | 2,040.00 |

BRUNO GAGET PHOTOGRAPHER

**Total** $4,614.95



**Invoice**

425 WEST 15TH STREET 6TH FL
NEW YORK, NEW YORK 10011

| DATE | INVOICE # |
|------|-----------|
| 7/25/2007 | 07204 |

| BILL TO |
|---------|
| PERRY ALAN PRODUCTIONS<br>101 CALIFORNIA AVENUE<br>SUITE 303<br>SANTA MONICA, CA 90403<br>ATTN: PERRY ALAN SIMOWITZ |

| P.O. NO. | TERMS | TAX ID NO. |
|----------|-------|------------|
|  | Net 30 | 13-3806325 |

| DESCRIPTION | QTY | RATE | AMOUNT |
|-------------|-----|------|--------|
| SHOOT DATE:JULY 24, 2007<br>JOB REFERENCE: |  |  |  |
| FRONT STUDIO RENTAL<br>DISCOUNTED RATE |  | 1,400.00<br>-200.00 | 1,400.00<br>-200.00 |
| CAFE |  | 35.00 | 35.00 |
| TELEPHONE CALLS - SEE REPORT |  | 16.50 | 16.50 |
| EQUIPMENT - SEE ATTACHED LIST |  | 3,265.00 | 3,265.00 |
| DIGITAL SERVICES- SEE ATTACHED SHEET |  | 0.00 | 0.00 |

MICHAEL BRANDT, PHOTOGRAPHER

| **Total** | $4,516.50 |
|-----------|-----------|



THE S P A C E INC.

425 WEST 15TH STREET 6TH FL
NEW YORK, NEW YORK 10011

**Invoice**

| DATE | INVOICE # |
|------|-----------|
| 9/13/2007 | 07238 |

| BILL TO |
|---------|
| PERRY ALAN PRODUCTIONS<br>101 CALIFORNIA AVENUE<br>SUITE 303<br>SANTA MONICA, CA 90403<br>ATTN: PERRY ALAN SIMOWITZ |

| P.O. NO. | TERMS | TAX ID NO. |
|----------|-------|------------|
| | Net 30 | 13-3806325 |

| DESCRIPTION | QTY | RATE | AMOUNT |
|-------------|-----|------|--------|
| SHOOT DATES: SEPTEMBER 11-12, 2007<br>JOB REFERNCE: TARGET CIRCULAR 117801 | | | |
| NORTH STUDIO RENTAL | 2 | 1,400.00 | 2,800.00 |
| DISCOUNTED RATE | 2 | -200.00 | -400.00 |
| CAFE | | 69.50 | 69.50 |
| TELEPHONE CALLS - SEE REPORT | | 27.23 | 27.23 |
| EQUIPMENT - SEE ATTACHED LIST | | 5,542.00 | 5,542.00 |
| DIGITAL SERVICES- SEE ATTACHED SHEET | | 4,015.00 | 4,015.00 |

| MARK STETLER, PHOTOGRAPHER | **Total** | $12,053.73 |
|---------------------------|-----------|------------|

Exhibit 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK _____

THE SPACE, INC.,

            Plaintiff,

      -against-

PERRY ALAN SIMOWITZ,
SPOTLIGHT VENTURES, INC. d/b/a PERRY
ALAN PRODUCTIONS, PERRY ALAN
SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS ,
and PERRY ALAN PRODUCTIONS,

            Defendants,

Index No. _100814 | 08_ .

Date Filed: JAN 1 8 2008

**SUMMONS**
Plaintiff designates
New York County as the
place of trial;

The basis of the
venue is plaintiff's principal
place of business, at:
425 West 15th Street, 6th Floor
New York, NY 10011

_____
        To the above named Defendant(s)

      **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
        January 14, 2008

                BRETT M. GROSSMAN
                GROSSMAN & GROSSMAN, P.C.
                Attorneys for Plaintiff
                360 Lexington Avenue, 12th Floor
                New York, New York 10017
                (212) 616-8177

NEW YORK
COUNTY CLERK'S OFFICE

JAN 1 8 2008

NOT COMPARED
WITH COPY FILED

                      1

TO:
PERRY ALAN SIMOWITZ
101 California Avenue
Suite 303
Santa Monica, CA 90403

SPOTLIGHT VENTURES, INC. d/b/a PERRY
ALAN PRODUCTIONS
101 California Avenue
Suite 303
Santa Monica, CA 90403

PERRY ALAN SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS
101 California Avenue
Suite 303
Santa Monica, CA 90403

PERRY ALAN PRODUCTIONS
101 California Avenue
Suite 303
Santa Monica, California 90403

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THE SPACE, INC.,                                    Index No. *100814/08*

                    Plaintiff,

           -against-                                VERIFIED COMPLAINT

PERRY ALAN SIMOWITZ,
SPOTLIGHT VENTURES, INC. d/b/a PERRY
ALAN PRODUCTIONS, PERRY ALAN
SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS,
and PERRY ALAN PRODUCTIONS,

                    Defendants,

_____

      Plaintiff, by their attorneys, GROSSMAN & GROSSMAN, P.C., as and for its Verified

Complaint, respectfully allege as follows:

      1.      That at all times herein mentioned, the plaintiff THE SPACE, INC. is was and

still is a corporation formed by and under the laws of the State of New York.

      2.      That at all times herein mentioned, the defendant PERRY ALAN SIMOWITZ

was and a resident of the State of California who transacted business in the State of New York.

      3.      Upon information and belief, that at all times mentioned in this complaint and

prior thereto, Defendant, SPOTLIGHT VENTURES, INC. D/B/A PERRY ALAN

PRODUCTIONS was and is a foreign corporation, authorized to do business in the State of New

York and does business in the State of New York.

      4.      Upon information and belief, that at all times herein mentioned, the defendant,

SPOTLIGHT VENTURES, INC. D/B/A PERRY ALAN PRODUCTIONS, was and still is a

corporation formed by and under the laws of the State of New York.

**3**

5.      Upon information and belief, that at all times mentioned in this complaint and prior thereto, defendant, PERRY ALAN SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS is a business entity, authorized to do business in the State of New York and does business in the State of New York.

6.      Upon information and belief, that at all times herein mentioned, the defendant, PERRY ALAN SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS, was and still is a Business entity formed by and under the laws of the State of New York.

7.      Upon information and belief, that at all times mentioned in this complaint and prior thereto, defendant, PERRY ALAN PRODUCTIONS  was and is a business entity, authorized to do business in the State of New York and does business in the State of New York.

8.      Upon information and belief, that at all times herein mentioned, the defendant, PERRY ALAN PRODUCTIONS, was and still is a business entity formed by and under the laws of the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION FOR DAMAGES DUE TO BREACH OF CONTRACT

9.      On or about January 8, 2006, and/or July 11, 2006, and/or October 9, 2006, and/ or October 11, 2006, and/or December 11, 2006, and/or February 7, 2007, and/or May 1, 2007, and/or May 7, 2007, and/or May 31, 2007, and/or July 24, 2007, and/or September 11, 2007, plaintiff entered into contracts with defendant PERRY ALAN SIMOWITZ for defendant to rent plaintiff's space, and use plaintiff's premises, equipment and services at "The Space" located at 425 West 15th Street, New York, NY.

10.      On or about January 8, 2006, and/or July 11, 2006, and/or October 9, 2006, and/ or October 11, 2006, and/or December 11, 2006, and/or February 7, 2007, and/or May 1, 2007, and/or

4

May 7, 2007, and/or May 31, 2007, and/or July 24, 2007, and/or September 11, 2007, plaintiff entered into contracts with defendant SPOTLIGHT VENTURES, INC. D/B/A PERRY ALAN PRODUCTION for defendant to rent plaintiff's space and use plaintiff's equipment and services at "The Space" located at 425 West 15th Street, New York, NY.

11.    On or about January 8, 2006, and/or July 11, 2006, an/or October 9, 2006, and/or October 11, 2006, an/or December 11, 2006, and/or February 7, 2007, and/or May 1, 2007, and/ or May 7, 2007, and/or May 31, 2007, and/or July 24, 2007, and/or September 11, 2007, plaintiff entered into contracts with defendant PERRY ALAN SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS, for defendant to rent plaintiff's space and use plaintiff's equipment and services at "The Space" located at 425 West 15th Street, New York, NY.

12.    On or about January 8, 2006, and/or July 11, 2006, an/or October 9, 2006, and/or October 11, 2006, an/or December 11, 2006, and/or February 7, 2007, and/or May 1, 2007, and/ or May 7, 2007, and/or May 31, 2007, and/or July 24, 2007, and/or September 11, 2007, plaintiff entered into contracts with defendant PERRY ALAN PRODUCTIONS, for defendant to rent plaintiff's space and use plaintiff's equipment and services at "The Space" located at 425 West 15th Street, New York, NY.

13.    The contracts between the plaintiff and defendant PERRY ALAN SIMOWITZ, and/or SPOTLIGHT VENTURES, INC. d/b/a PERRY ALAN PRODUCTIONS and/or PERRY ALAN SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS, and/or PERRY ALAN PRODUCTIONS, were valid and enforceable.

14.    Plaintiff performed its services under these contracts.

15.    Defendant PERRY ALAN SIMOWITZ and or defendant SPOTLIGHT VENTURES,

INC. d/b/a PERRY ALAN PRODUCTIONS, and/or PERRY ALAN PRODUCTIONS, its agents, servants and or employees, and or defendant PERRY ALAN SIMOWITZ d/b/a PERRY ALAN PRODUCTION, its agents, servants and or employees, breached their contractual duties under some and or all of these contracts by failing to make payments under the contracts.

16.    As a result of these breaches by defendant PERRY ALAN SIMOWITZ, and/or defendant SPOTLIGHT VENTURES, INC. d/b/a PERRY ALAN PRODUCTIONS, its agents, servants and or employees, and/or defendant PERRY ALAN SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS, and/or PERRY ALAN PRODUCTIONS, its agents, servants and or employees, plaintiff has suffered damages in the sum of $137,673.25.

17.    As a result of these breaches by defendants, plaintiff is entitled to damages under this Cause of Action for $137,673.25, with interest thereon from the date of the breach of the contract until the present.

## AS AND FOR A SECOND CAUSE OF ACTION FOR DAMAGES DUE TO FRAUD

18.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "17" of the plaintiff's Complaint as if fully set forth herein.

19.    Defendant PERRY ALAN SIMOWITZ, and/or defendant SPOTLIGHT VENTURES, INC. d/b/a PERRY ALAN PRODUCTIONS, its agents, servants and or employees, and/or defendant PERRY ALAN SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS, and/or PERRY ALAN PRODUCTIONS, its agents, servants and or employees, represented to the plaintiff that they would in exchange plaintiff's performance under the contracts, pay plaintiff under each of these contracts.

20.    Defendant PERRY ALAN SIMOWITZ and/or defendant SPOTLIGHT VENTURES, INC. d/b/a PERRY ALAN PRODUCTIONS, its agents, servants and or employees, and/or defendant PERRY ALAN SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS, and/or PERRY ALAN PRODUCTIONS, its agents, servants and or employees, made these representations to induce plaintiff to enter into such contracts and then perform under such contracts.

21.    Plaintiff relied upon the representations and was induced to enter and comply with the foregoing contracts, and plaintiff's reliance was reasonable and anticipated by defendant PERRY ALAN SIMOWITZ and or defendant SPOTLIGHT VENTURES, INC. d/b/a PERRY ALAN PRODUCTIONS, its agents, servants and or employees, an/or defendant PERRY ALAN SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS, its agents, servants and or employees., and/or PERRY ALAN PRODUCTIONS.

22.    The representations made by defendant PERRY ALAN SIMOWITZ and or defendant SPOTLIGHT VENTURES, INC. d/b/a PERRY ALAN PRODUCTIONS, its agents, servants and or employees, and/or defendant PERRY ALAN SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS, its agents, servants and or employees, and/or PERRY ALAN PRODUCTIONS, were false and were, at the time made, known by the them to be false.

23.    The representations made by Defendant PERRY ALAN SIMOWITZ, and/or defendant SPOTLIGHT VENTURES, INC. d/b/a PERRY ALAN PRODUCTIONS, its agents, servants and or employees, and/or defendant PERRY ALAN SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS, its agents, servants and or employees, and/or PERRY ALAN PRODUCTIONS were made for the purpose and intent of defrauding the plaintiff.

7

24.    By reason of the foregoing, plaintiff seeks damages in an amount as yet to be determined, but believed to be in excess of $137,673.25, with interest thereon on each of the contracts from the date of the contract until the present, along with punitive damages in the amount of $300,000.00.

## AS AND FOR THIRD CAUSE OF ACTION FOR DAMAGES DUE TO UNJUST ENRICHMENT

25.    Plaintiff(s) repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "24" of the plaintiff's Complaint as if fully set forth herein.

26.    Defendant PERRY ALAN SIMOWITZ, and/or defendant SPOTLIGHT VENTURES, INC. d/b/a PERRY ALAN PRODUCTIONS, its agents, servants and or employees, and/or defendant PERRY ALAN SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS, its agents, servants and or employees, and/or PERRY ALAN PRODUCTIONS have obtained a substantial benefit from the $137,673.25 that they wrongly maintain.

27.    As a result of the overcharges, defendant PERRY ALAN SIMOWITZ and or defendant SPOTLIGHT VENTURES, INC. d/b/a PERRY ALAN PRODUCTIONS, its agents, servants and or employees, and/or defendant PERRY ALAN SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS, its agents, servants and or employees , and/or PERRY ALAN PRODUCTIONS had use of additional capital which allowed them to grow and expand their business.

28.    By reason of the foregoing, defendant PERRY ALAN SIMOWITZ, and/or defendant SPOTLIGHT VENTURES, INC. d/b/a PERRY ALAN PRODUCTIONS, its agents,

8

servants and/or employees, or defendant PERRY ALAN SIMOWITZ d/b/a PERRY ALAN

PRODUCTIONS, its agents, servants and or employees, and/or PERRY ALAN

PRODUCTIONS, have and continue to be unjustly enriched to the prejudice and deprivation of

the plaintiff.

29.    Plaintiff has no adequate remedy at law.

30.    By reason of the foregoing, the plaintiff is entitled to disgorgement

of defendant PERRY ALAN SIMOWITZ's and or defendant SPOTLIGHT VENTURES, INC.

d/b/a PERRY ALAN PRODUCTIONS', its agents', servants' and or employees', and or

defendant PERRY ALAN SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS', its agents',

servants' and or employees; and PERRY ALAN PRODUCTIONS, profits and damages in an

amount as yet to be determined, but believed to be in excess of $150,000.00.

9

**WHEREFORE**, Plaintiff demands judgment as follows:

a.     On the First Cause of Action for $137,673.25, with interest thereon on each of the contracts from the date of the contract until the present.

b.     On the Second Cause of Action for an amount as yet to be determined, but believed to be in excess of $100,000.00, with interest thereon on each of the contracts from the date of the contract until the present., along with punitive damages in the amount of $300,000.00.

c.     On the Third Cause of Action for an amount as yet to be determined, but believed to be in excess of $100,000.00.

d.     Such other, further and different relief as to this Court seems just, proper and equitable, along with interest and costs as permitted by law.


Dated:  New York, New York
        January 14, 2008

                                        _____
                                        BRETT M. GROSSMAN
                                        GROSSMAN & GROSSMAN, P.C.
                                        Attorneys for Plaintiff
                                        360 Lexington Avenue, 12th Floor
                                        New York, New York 10017
                                        (212) 616-8177

## CORPORATE VERIFICATION

STATE OF NEW YORK    )
                        )  : SS.:
COUNTY OF NEW YORK )

**DAVID ROSE**, being duly sworn, deposes and says;

I am the Vice -President of The Space, Inc., a corporation and a party to the within action.

I have read the **SUMMONS AND VERIFIED COMPLAINT**, and know the contents thereof; and that the same is true to my knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

This Verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief, as to all matters not stated upon my own knowledge, are the books and records of the corporation.

 

 

                                                           DAVID ROSE

Sworn to before me this
_16th_ day of January, 2008

_____
Notary Public

**DEIDRA M. BOWEN**
Notary Public, State of New York
Registration #01BO6074352
Qualified in Kings County
Commission Expires May 13, 20/0

Index No. 100814/08

SUPREME COURT OF THE
STATE OF NEW YORK
COUNTY OF NEW YORK

THE SPACE, INC.,

Plaintiff,

-against-

PERRY ALAN SIMOWITZ, SPOTLIGHT VENTURES,
INC., d/b/a PERRY ALAN PRODUCTIONS,
PERRY ALAN SIMOWITZ, d/b/a PERRY ALAN
PRODUCTIONS, AND PERRY ALAN PRODUCTIONS,

Defendants.

SUMMONS AND VERIFIED COMPLAINT

Signature (Rule 130-1.1-a)

BRETT M. GROSSMAN

Grossman & Grossman, P.C.
Attorneys for Plaintiff
360 Lexington Avenue, 12th floor
New York, New York 10017
(212) 616-8177

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated.

............................................
............................................

Attorney(s) for

MICHAEL F. GROSSMAN

Exhibit 3

SUPREME COURT OF THE STATE OF NEW YORK                                    Attorney:   MICHAEL F. GROSSMAN, P.C. - 454

COUNTY OF NEW YORK

THE SPACE, INC.                                                                  Index #  100814/08
                                                                    Plaintiff(s)   Purchased January 18, 2008
                                    - against -                                  Date Filed:

PERRY ALAN SIMOWITZ ET AL

                                                                    Defendant(s)   **AFFIDAVIT OF SERVICE**

STATE OF   California     : COUNTY OF    Los Angeles      ss:
I, Jeff Star _____ BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS
ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES AT  L.A. Co.   . ON 2/12/08  AT  2:00  XM/PM
AT   101 California Ave., Santa Monica, CA  90403
DEPONENT SERVED THE WITHIN SUMMONS & VERIFIED COMPLAINT
ON: PERRY ALAN SIMOWITZ ,THE  DEFENDANT/RESPONDENT  THEREIN NAMED.

**#1 INDIVIDUAL**    By delivering a true copy of each to said defendant/respondent personally; deponent knew the person so served to be
XX                the person described as the  defendant/respondent  therein.

**#2 CORPORATION**    A _____ corporation, delivering thereat a true copy of each to _____ personally,
☐                deponent knew said corporation so serviced to be the corporation, described in same as said  defendant/respondent
                 and knew said individual to be _____ thereof.

**#3 SUITABLE**      By delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is the
**AGE PERSON**       defendant's/respondent's   [ ] actual place of business     [ ] dwelling house / usual place of abode within the state.

**#4 AFFIXING**      By affixing a true copy of each to the door of said premises, which is the  defendant's/respondent's  [ ] actual place of
**TO DOOR**          business     [ ] dwelling house /usual place of abode within the state.
☐

**#5 MAILING**       On _____, deponent completed service under the last two sections by depositing a copy of the
**COPY**             SUMMONS & VERIFIED COMPLAINT to the above address in a First Class postpaid properly addressed envelope
☐                marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States
                 Post Office in the State of _____.

                 Deponent was unable, with due diligence to find the  defendant/respondent  or a person of suitable age and discretion,
                 having called thereat

                 on the _____ day of _____ at _____
                 on the _____ day of _____ at _____
                 on the _____ day of _____ at _____
                 on the _____ day of _____ at _____

**#6 NON-SERVICE**   After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the
☐                defendant/respondent  being served because of the following:  [ ] party unknown at address  [ ] Evading
                 [ ] Moved left no forwarding  [ ] Address does not exist  [ ] No one ever in or available to accept service

**#7 DESCRIPTION**   A description of the  defendant/respondent , or other person served, or spoken to on behalf of the
[X]              defendant/respondent  is as follows:

Description is required
if #1,#2 or #3 above is
Selected

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|------------|---------------|------------------|-----------------|
| M   | wht.      | blk/gry    | 48            | 6'               | 185 lbs.        |

Other:

**# 8 WIT. FEES**    $_____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the
☐                witness/recipient.

**# 9 MILITARY**     Deponent asked person spoken to whether the defendant/respondent was in the military service of the United States
**SERVICE**          Government or on active duty in the military service in the State of   CA   and was informed the
XX               defendant/respondent was not.

The Summons Served had endorsed thereon the Index number and date of filing.

ROBERT CAIN
COMM. # 1668106
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
MY COMM. EXP. MAY 19, 2010

Sworn to before me on this  14th  day of  Feb, 2008           Server signature: _____

Notary Public _____            Docket #: 537911        lic. No. 2837

SUPREME COURT OF THE STATE OF NEW YORK                    Attorney:  MICHAEL F. GROSSMAN, P.C. - 454

COUNTY OF NEW YORK
_____
THE SPACE, INC.                                                           Index #  100814/08

Plaintiff(s)                    Purchased January 18, 2008
- against -                                                                   Date Filed:

PERRY ALAN SIMOWITZ ET AL

Defendant(s)          **AFFIDAVIT OF SERVICE**
_____

STATE OF California        : COUNTY OF   Los Angeles        ss:

I, Jeff Star _____ BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES AT  L.A. CO.  ON 2/12/08  AT 2:00  AM/PM AT    101 California Ave., Santa Monica, CA  90403

DEPONENT SERVED THE WITHIN SUMMONS & VERIFIED COMPLAINT
ON: PERRY ALAN SIMOWITZ D/B/A PERRY ALAN PRODUCTIONS ,THE  DEFENDANT/RESPONDENT  THEREIN NAMED.

**#1 INDIVIDUAL**
XX
By delivering a true copy of each to said defendant/respondent personally; deponent knew the person so served to be the person described as the  defendant/respondent  therein.

**#2 CORPORATION**
[ ]
A _____ corporation, delivering thereat a true copy of each to _____ personally, deponent knew said corporation so serviced to be the corporation, described in same as said  defendant/respondent  and knew said individual to be _____ thereof.

**#3 SUITABLE AGE PERSON**
[ ]
By delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is the defendant's/respondent's  [ ] actual place of business    [ ] dwelling house / usual place of abode within the state.

**#4 AFFIXING TO DOOR**
[ ]
By affixing a true copy of each to the door of said premises, which is the  defendant's/respondent's  [ ] actual place of business    [ ] dwelling house /usual place of abode within the state.

**#5 MAILING COPY**
[ ]
On _____ , deponent completed service under the last two sections by depositing a copy of the SUMMONS & VERIFIED COMPLAINT to the above address in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of _____

Deponent was unable, with due diligence to find the  defendant/respondent  or a person of suitable age and discretion, having called thereat

| on the _____ day of _____ at _____ |
| on the _____ day of _____ at _____ |
| on the _____ day of _____ at _____ |
| on the _____ day of _____ at _____ |

**#6 NON-SERVICE**
[ ]
After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the defendant/respondent  being served because of the following:  [ ] party unknown at address    [ ] Evading [ ] Moved left no forwarding  [ ] Address does not exist  [ ] No one ever in or available to accept service

**#7 DESCRIPTION**
XX
A description of the  defendant/respondent , or other person served, or spoken to on behalf of the defendant/respondent  is as follows:

Description is required
if #1,#2 or #3 above is
Selected

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|--------------|-----------------|-----------------|
| M | wht. | blk/gry | 48 yrs. | 6'0" | 185 lbs. |

Other:

**# 8 WIT. FEES**
[ ]
$_____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the witness/recipient.

**# 9 MILITARY SERVICE**
XX
Deponent asked person spoken to whether the defendant/respondent was in the military service of the United States Government or on active duty in the military service in the State of  CA  and was informed the defendant/respondent was not.

The Summons Served had endorsed thereon the Index number and date of filing.

ROBERT CAIN
COMM. # 1668106
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Exp. MAY 19, 2010

NEW YORK
COUNTY CLERK'S OFFICE

FEB 25 2008

NOT COMPARED
WITH COPY FILE

Sworn to before me on this  14th  day of  feb, 2008

Notary Public _____

Server signature: _____

Docket #: 537913        Lic. No.: 2837

COUNTY OF NEW YORK

THE SPACE, INC.

- against -

PERRY ALAN SIMOWITZ ET AL

Plaintiff(s)

Defendant(s)

Index # 100814/08
Purchased January 18, 2008
Date Filed:

**AFFIDAVIT OF SERVICE**

STATE OF  California  : COUNTY OF  Los Angeles  ss:

I, Jeff Star  BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES AT  L.A. Co . ON  2/12/08  AT  2:00  AM/PM AT  101 California Ave., Santa Monica, CA  90403

DEPONENT SERVED THE WITHIN SUMMONS & VERIFIED COMPLAINT
ON: PERRY ALAN PRODUCTIONS ,THE DEFENDANT/RESPONDENT THEREIN NAMED.

**#1 INDIVIDUAL**
[ ]
By delivering a true copy of each to said defendant/respondent personally; deponent knew the person so served to be the person described as the defendant/respondent therein.    Perry Alan Simowitz

**#2 CORPORATION**
XX
A  domestic  corporation, delivering thereat a true copy of each to  personally, deponent knew said corporation so serviced to be the corporation, described in same as said defendant/respondent and knew said individual to be  general agent  thereof.

**#3 SUITABLE AGE PERSON**
[ ]
By delivering a true copy of each to  a person of suitable age and discretion. Said premises is the defendant's/respondent's  [ ] actual place of business    [ ] dwelling house / usual place of abode within the state.

**#4 AFFIXING TO DOOR**
[ ]
By affixing a true copy of each to the door of said premises, which is the defendant's/respondent's  [ ] actual place of business    [ ] dwelling house /usual place of abode within the state.

**#5 MAILING COPY**
[ ]
On  , deponent completed service under the last two sections by depositing a copy of the SUMMONS & VERIFIED COMPLAINT to the above address in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of  .

Deponent was unable, with due diligence to find the defendant/respondent or a person of suitable age and discretion, having called thereat

on the  day of  at 
on the  day of  at 
on the  day of  at 
on the  day of  at 

**#6 NON-SERVICE**
[ ]
After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the defendant/respondent being served because of the following: [ ] party unknown at address    [ ] Evading [ ] Moved left no forwarding  [ ] Address does not exist  [ ] No one ever in or available to accept service

**#7 DESCRIPTION**
[X]
A description of the defendant/respondent , or other person served, or spoken to on behalf of the defendant/respondent is as follows:

Description is required if #1,#2 or #3 above is Selected

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|---------------|------------------|-----------------|
| M | wht. | blk/gry | 48 yrs. | 6'0" | 185 lbs. |

Other:

**# 8 WIT. FEES**
$  the authorizing traveling expenses and one day's witness fee was paid (tendered) to the witness/recipient.

**#9 MILITARY SERVICE**
Deponent asked person spoken to whether the defendant/respondent was in the military service of the United States Government or on active duty in the military service in the State of  and was informed the defendant/respondent was not.

The Summons Served had endorsed thereon the Index number and date of filing.

NEW YORK
COUNTY CLERKS OFFICE

FEB 25 2008

NOT COMPARED
WITH COPY FILE

ROBERT CAIN
COMM. # 1668106
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES County
My Comm. Exp. MAY 19, 2010

Sworn to before me on this  14th  day of  feb, 2008

Notary Public

Server signature:
Lic. No.: 2837

Docket #: 537914

COUNTY OF NEW YORK

THE SPACE, INC.

Plaintiff(s)

Index #  100814/08
Purchased January 18, 2008
Date Filed:

- against -

PERRY ALAN SIMOWITZ ET AL

Defendant(s)   **AFFIDAVIT OF SERVICE**

STATE OF  California   : COUNTY OF   Los Angeles   ss:

I, Jeff Star   BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES AT  L.A. Co.  . ON  2/12/08  AT  2:00  XM/PM AT

101 California Ave., Santa Monica, CA  90403

DEPONENT SERVED THE WITHIN SUMMONS & VERIFIED COMPLAINT
ON: SPOTLIGHT VENTURES, INC. D/B/A PERRY ALAN PRODUCTIONS ,THE DEFENDANT/RESPONDENT THEREIN NAMED.

**#1 INDIVIDUAL**
[ ]
By delivering a true copy of each to said defendant/respondent personally; deponent knew the person so served to be the person described as the defendant/respondent therein.   **Perry Alan Simowitz**

**#2 CORPORATION**
[X]
A  domestic  corporation, delivering thereat a true copy of each to  personally, deponent knew said corporation so serviced to be the corporation, described in same as said defendant/respondent and knew said individual to be  general agent  thereof.

**#3 SUITABLE AGE PERSON**
[ ]
By delivering a true copy of each to  a person of suitable age and discretion. Said premises is the defendant's/respondent's  [ ] actual place of business   [ ] dwelling house / usual place of abode within the state.

**#4 AFFIXING TO DOOR**
[ ]
By affixing a true copy of each to the door of said premises, which is the defendant's/respondent's  [ ] actual place of business   [ ] dwelling house /usual place of abode within the state.

**#5 MAILING COPY**
[ ]
On  , deponent completed service under the last two sections by depositing a copy of the SUMMONS & VERIFIED COMPLAINT to the above address in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of  .

Deponent was unable, with due diligence to find the defendant/respondent or a person of suitable age and discretion, having called thereat

| on the | day of | at |
| --- | --- | --- |
| on the | day of | at |
| on the | day of | at |
| on the | day of | at |

**#6 NON-SERVICE**
[ ]
After due search, careful inquiry and diligent attempts, I have been unable to effect service upon the defendant/respondent being served because of the following:  [ ] party unknown at address   [ ] Evading   [ ] Moved left no forwarding   [ ] Address does not exist   [ ] No one ever in or available to accept service

**#7 DESCRIPTION**
[X]
A description of the defendant/respondent , or other person served, or spoken to on behalf of the defendant/respondent is as follows:

Description is required if #1,#2 or #3 above is Selected

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
| --- | --- | --- | --- | --- | --- |
| M | wht. | blk/gry | 48 yrs | 6'0" | 185 lbs |

Other:

**# 8 WIT. FEES**
$  the authorizing traveling expenses and one day's witness fee was paid (tendered) to the witness/recipient.

**# 9 MILITARY SERVICE**
[ ]
Deponent asked person spoken to whether the defendant/respondent was in the military service of the United States Government or on active duty in the military service in the State of  and was informed the defendant/respondent was not.

The Summons Served had endorsed thereon the Index number and date of filing.

ROBERT CAIN
COMM. # 1668106
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Exp. MAY 19, 2010

COUNTY CLERKS OFFICE

FEB 25 2008

NOT COMPARED WITH COPY FILE

Sworn to before me on this  14th  day of  feb, 2008

Server signature:

Notary Public

Docket #: 537912   Lic. No.: 2837

Index No. 100814/08

SUPREME COURT OF THE
STATE OF NEW YORK
COUNTY OF NEW YORK

THE SPACE, INC.,

Plaintiff,

-against-

PERRY ALAN SIMOWITZ, SPOTLIGHT VENTURES,
INC., d/b/a PERRY ALAN PRODUCTIONS,
PERRY ALAN SIMOWITZ, d/b/a PERRY ALAN
PRODUCTIONS, AND PERRY ALAN PRODUCTIONS,

Defendants.

AFFIDAVITS OF SERVICE

Signature (Rule 130.1.1.a)

MICHAEL F. GROSSMAN

Grossman & Grossman, P.C.
Attorneys for Plaintiff
360 Lexington Avenue, 12th floor
New York, New York 10017
(212) 616-8177

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated.

Attorney(s) for

UNITED LAWYERS

Exhibit 4

JOEL GLASER
EMAIL: JGLASER@GORDONREES.COM
DIRECT FAX: (213) 239-5436

# GORDON & REES LLP

ATTORNEYS AT LAW
633 WEST FIFTH STREET, SUITE 4900
LOS ANGELES, CA  90071
PHONE: (213) 576-5000
FAX: (213) 680-4470
WWW.GORDONREES.COM

January 17, 2008

**VIA US MAIL**

See Attached Service List

  Re: Spotlight Ventures, Inc., dba Perry Alan Productions

Dear Creditors of Spotlight Ventures, Inc., dba Perry Alan Productions:

  This firm has been retained by Spotlight Ventures, Inc., dba Perry Alan Productions ("Perry Alan Productions") to conduct an orderly liquidation of its assets and fair and equitable distribution of those assets to its creditors.  We understand that you have an open invoice with Perry Alan Productions.  To the extent you have done so already, please provide the undersigned with any and all unsatisfied open invoices.

  We anticipate that it will take until close of the first quarter of 2008 to collect all receivables, liquidate all assets and determine the amount of outstanding debt of Perry Alan Productions.  We plan on distributing those receivables in the following quarter (2nd quarter 2008).  We would appreciate that you only contact the undersigned for urgent inquiries.  To confirm receipt of your open invoices, please contact the undersigned via email.

    Very truly yours,

    GORDON & REES LLP

    *Joel Glaser*

    Joel Glaser

cc: Perry Alan Productions (via email)

PALP/1048841/5312489v.1

SERVICE LIST

| 24/7 Production Services, LLC<br>6130 West Flamingo Road<br>Suite # 152<br>Las Vegas, NV. 89103 | Adam Forslund<br>2821 14th Ave, W#2<br>Seattle, WA. 98119 | All Tame Animals, Inc<br>175 West 89th St<br>New York, NY 10024 |
|---|---|---|
| Amber York<br>5647 W Camino Cielo<br>Santa Barbara, CA 93105 | Art Department<br>48 Greene St., 4th Fl.<br>New York, NY 10013 | BBA Agency<br>4605 Lankershiem Blvd #721<br>Universal City, CA 91602 |
| Blink Management, Inc.<br>421 Washington Ave., #202<br>Miami Beach, Fl 33139 | Brazen Enterprises, LLC<br>5959 Topanga Canyon<br>Blvd, Suite 370<br>Woodland Hills, CA 91367 | The Bridge/ Icon<br>5450 Wilshire Blvd.<br>Los Angeles, CA 90036 |
| Briese Productions<br>7095 Hollywood Blvd, #1158<br>Hollywood, CA 90028 | Bryan Bantry<br>4 West 58 Street<br>New York, NY 10019 | Celestine Agency<br>Angelika Schubert, Inc.<br>1548 16th Street<br>Santa Monica, CA 90404 |
| Can Heat, LLC<br>120 E. 87th Sst., #R60<br>New York, NY 10128 | CESD Talent Agency<br>10635 Santa Monica Blvd.<br>#135<br>Los Angeles, CA 90025 | Christian Romero<br>4276 Centinela Ave., #106<br>Los Angeles, CA 90066 |
| Clementine Catering<br>PO Box 30214<br>New York, NY 10011 | Cloutier Agency<br>1026 Montana Avenue<br>Santa Monica, CA 90403 | Coast to Coast Talent<br>3350 Barham Blvd<br>Los Angeles, CA 90068 |
| Daniel J Dusek<br>252 118th Ave., S.E., #33<br>Bellevue, WA 98005 | Deidre Rodriguez<br>95 Kensington Ave<br>Jersey City, NJ 07304 | DKMB Productions, Inc<br>1413 Sunset Harbor Drive #113<br>Miami Beach, FL 33139 |
| Elite Model Management Corp<br>404 Park Ave. South, 9th Fl.<br>New York, NY 10016 | Exclusive Artists<br>Management<br>7700 Sunset Blvd #205<br>Los Angeles, CA 90046 | First Light Films<br>2724 N.E. Mason Street<br>Portland, OR 97211 |
| Focus Rentals, LLC<br>727 4th St<br>Miami Beach, FL 33139 | Forbes Brothers<br>Production Vans<br>PO Box 266<br>Montauk, NY 11954 | Ford Models, Inc.<br>PO Box 29629<br>General Post Office<br>New York, NY 10087-6166 |
| Image Locations<br>9663 Santa Monica Blvd.,<br>#842<br>Beverly Hills, CA 90210 | Jam Arts, Inc<br>881 Seventh Ave<br>Studio 1209<br>New York, NY 10019 | JD Roeser<br>1151-1 Horn Ave<br>West Hollywood, CA 90069 |
| Jed Root Inc Agency<br>61A Walker Strett<br>New York, NY 10013 | Jet Set Management<br>PO Box 2302<br>La Jolla, CA 92038 | John Robinsons Design<br>338 W 22nd #23<br>New York, NY 10011 |
| Krista Teyema<br>23815 Johnson Rd<br>West Linn, OR 97068 | LA Models<br>7700 Sunset Blvd<br>Los Angeles, CA 90046 | Lars Nord Studio<br>203 W. 23rd St., 4th Fl.<br>New York, NY 0011 |
| Le Book<br>522 Broadway<br>New York, NY 10012 | Locations Unlimited<br>Sylvia Schmidt<br>41106 Yucca Lane | Magnet NY<br>270 Lafayette St., #901<br>New York, NY 10012 |

| | Bermuda, CA  92203 | |
|---|---|---|
| Mark Edward Agency<br>325 W. 38th St., Loft 1011<br>New York, NY 10018 | Mark Fristad Productions<br>7311 SW 25th Avenue<br>Portland, OR  97219 | MC2 Models Miami, LLC<br>946 Lincoln Rd., 3rd Fl.<br>Miami Beach, FL  33139 |
| Milk Studios<br>450 W. 15th Street<br>New York, NY  10011 | MMA<br>1100 Glendon Ave., #1000<br>Los Angeles, CA  90024 | MMA<br>8422 Melrose Place<br>Los Angeles, CA  90069 |
| Motion PV Motorhomes<br>8921 Skiff Circle<br>Huntington Beach, CA 92626 | Next Management, LLC<br>15 Watts Street<br>New York, NY  10013 | Noz Catering<br>285 Avenue C, #12<br>New York, NY  10009 |
| NY Models<br>596 Broadway, #701<br>New York, NY  10012 | Oribe Agency<br>1627 Euclid Avenue<br>Miami Beach, FL  33139 | Patrick James<br>3054 Afton Road<br>San Diego, CA  92123 |
| Photogenics, LLC<br>8549 Higuera Street<br>Culver City, CA  90232 | Prisca Wille<br>4669 Cleveland Avenue<br>Los Angeles, CA  90065 | Q Models<br>180 Varick St., 13th Fl.<br>New York, NY  10014 |
| Reel Dogs<br>P.O. Box 11607<br>Bainbridge Land, WA 98110 | RB Pro, Inc.<br>601 W. 26th Street, #1310<br>New York, NY  10001 | Rex, Inc.<br>4446 Ambrose Avenue<br>Los Angeles, CA  90027 |
| Seattle Phototech<br>5048 ½ California Avenue,<br>SW, #2<br>Seattle, WA  98136 | See Management<br>307 Seventh Ave., #1607<br>New York, NY  10001 | Smashbox Studios LLC<br>1011 N. Fuller Avenue<br>West Hollywood, CA  90046 |
| Sophie Colle<br>348 Grove Street, #2L<br>Jersey City, NJ  07302 | Sophie Colle<br>11 Coles Street, #11<br>Jersey City, NJ  07302 | Sound Vision Productions<br>N. 137th Street<br>Seattle, WA  98133 |
| Splashlight Studio<br>529-535 W. 35th Street<br>New York, NY  10001 | The Space, Inc.<br>425 W. 15th Street, 6th Fl.<br>New York, NY  10011 | The Wall Group Corp.<br>421 W. 14th Street, 2nd Fl.<br>New York, NY  10014 |
| Wilhelmina Models<br>300 Park Avenue South<br>New York, NY  10010 | Wolf, Rifkin, Shapiro &<br>Schulman, LLP<br>11400 W. Olympic Blvd.<br>Los Angeles, CA  90064-<br>1557 | |

## AFFIDAVIT OF MAILING

STATE OF NEW YORK     )
                            ) SS.:
COUNTY OF NEW YORK   )

       MARGARET BURTON,  being duly sworn, deposes and says:

            I am not a party to the within action, am over 18 years of age,  and reside in Bronx County.

            On April 21, 2008,  I served the annexed **NOTICE OF CROSS MOTION, AFFIRMATION IN SUPPORT OF CROSS MOTION AND IN OPPOSITION TO DEFENDANTS' NOTICE OF MOTION** by depositing a true copy thereof, enclosed in a postpaid  wrapper to be sent regular mail, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following person(s) at  the last known address set forth:

                   GORDON & REES, LLP.
                   90 Broad Street, 23rd floor
                   New York, New York 10004

                                 MARGARET BURTON

Sworn to before me this
21st day of April, 2008

_____
        Notary Public
MICHAEL F. GROSSMAN
NOTARY PUBLIC, STATE OF NEW YORK
     NO. 24-4646299
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES: February 28, 2010

Case No. 08 CV 2854 (SAS) (HBP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE SPACE, INC.,

        Plaintiff,

    -against-

PERRY ALAN SIMOWITZ, SPOTLIGHT VENTURES,
INC., d/b/a PERRY ALAN PRODUCTIONS,
PERRY ALAN SIMOWITZ, d/b/a PERRY ALAN
PRODUCTIONS AND PERRY ALAN PRODUCTIONS,

        Defendants.

NOTICE OF CROSS MOTION,
AFFIRMATION IN SUPPORT OF CROSS MOTION
AND IN OPPOSITION TO DEFENDANTS'
NOTICE OF MOTION

BRETT M. GROSSMAN
Grossman & Grossman, P.C.
Attorneys for Plaintiff
360 Lexington Avenue, 12th floor
New York, New York 10017
(212) 616-8177

Attorney(s) for _____

Service of a copy of the within is hereby admitted.
Dated.

..................

Attorney(s) for _____