UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE SPACE, INC.,

          Plaintiff,

    -against-

PERRY ALAN SIMOWITZ,
SPOTLIGHT VENTURES, INC. d/b/a PERRY
ALAN PRODUCTIONS, PERRY ALAN
SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS,
and PERRY ALAN PRODUCTIONS,

          Defendants,

Case No. 08 CV 2854
(SAS)(HBP)

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S CROSS MOTION AND IN OPPOSITION TO DEFENDANTS' NOTICE OF MOTION

---

BRETT M. GROSSMAN
GROSSMAN & GROSSMAN, P.C.
Attorneys for Plaintiff
360 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 616-8177
FAX (646) 454-4190

## **TABLE OF CONTENTS**

FACTS .................................................................................................... 5

ARGUMENT ........................................................................................... 6

POINT I:   Defendants' Notice Of Removal Should Be Dismissed And This Case Sent Back To State Court, As Defendant Failed To File The Notice Of Removal Within 30 Days Of Service Of The Summons And Complaint Upon Them .. 6

POINT II: If This Court Does Not Dismiss The Notice Of Removal And Considers Defendants' Motion, Plaintiff's Fraud Cause Of Action Should Not Be Dismissed, As Plaintiff Has Stated A Valid Fraud Claim ........................ 8

POINT III: If This Court Does Not Dismiss The Notice Of Removal And Considers Defendants' Motion, Perry Alan Simowitz Should Not Be Permitted To Escape Individual Liability ....................................................... 11

# TABLE OF AUTHORITIES

Albonetti v. GAF Corporation-Chemical Group, 520 F. Supp. 825 (S.D. Tex. 1981) — 7

Anton Leasing, Inc. v. Engram, 671 F. Supp. 366 (D. Md. 1987) — 7

Aubrey Equities v. SMZH 73rd Assocs., 212 A.D.2d 397, 398, 622 N.Y.S.2d 276, (1st Dept. 1995) — 12

Bailey v. Baker's Air Force Gas Corp., 50 A.D.2d 129, 376 N.Y.S.2d 212 (3rd Dept. 1975) — 11

Bellinzoni v. Seland, 128 A.D.2d 580, 512 N.Y.S.2d 846 (2 Dept. 1987) — 11

Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5 (E.D. N.Y. 2005) — 6

Citicorp Retail Services, Inc. v. Wellington Mercantile Services, Inc., 90 A.D.2d 532, 455 N.Y.S.2d 98 (2 Dep't 1982) — 11

Clark v. Pine Hill Homes, 112 A.D.2d 755, 492 N.Y.S.2d 253 (4 Dept. 1985) — 11

Cleland v. Fort Ticonderoga Assn., 71 A.D.2d 740, 419 N.Y.S.2d 261 (4th Dept. 1985) — 11

Deerfield Communications Corp. v. Chesebrough-Ponds Inc., 68 N.Y.2d 954, 956, 510 N.Y.S.2d 88, 502 N.E.2d 1003 (1986) — 9

Dial-In, Inc. v. ARO Corp., 620 F. Supp. 27 (N.D. Ill. 1985) — 7

First Bank of Americas v. Motor Car Funding, Inc.,257 A.D.2d 287, 690 N.Y.S.2d 17 N.Y.A.D. (1 Dept.,1999) — 9, 11-12

Forum Ins. Co. v. Texarkoma Transp. Co., 229 A.D.2d 341, 342, 645 N.Y.S.2d 786 (1st Dept. 1996) — 12

Golke v. Lee Lumber & Bldg. Materials Corp., 671 F. Supp. 568, 122 Lab. Cas. (CCH) ¶56959 (N.D. Ill. 1987) — 6

Gordon v. Dino De Laurentiis Corp., 141 A.D.2d 435, 436, 529 N.Y.S.2d 777 (1st Dept. 1988) — 8

Greensmith Co., Inc. v. Com Systems, Inc., 796 F. Supp. 812
(D.N.J. 1992) ............................................................................................. 6

Grzetich v. VLI Corp., 670 F. Supp. 793 (N.D. Ill. 1987) ...................... 6

Holston v. Carolina Freight Carriers Corp., 936 F.2d 573
(6th Cir. 1991) ........................................................................................... 7

I. Towjer, Inc. v. Tarran, 236 A.D.2d 518, 519, 654 N.Y.S.2d 626
(2 Dept. 1997) ........................................................................................... 11

Jo Ann Homes at Bellmore, Inc. v. Dworetz, 25 N.Y.2d 112, 120-21,
302 N.Y.S.2d 799, 250 N.E.2d 214 (1969) ............................................ 9

Lodato v. Greyhawk North America, L.L.C., 10 Misc. 3d 418,
807 N.Y.S.2d 818, 824 (Kings Sup. 2005) ............................................. 11

Non-Linear Trading Co. v. Braddis Assocs., Inc., 243 A.D.2d 107,
118, 675 N.Y.S.2d 5 (1st Dept. 1998) ..................................................... 8

McKinney v. Board of Trustees of Mayland Community College, 955 F.2d 924,
72 Ed. Law Rep. 767 (4th Cir. 1992) ...................................................... 6

Perrin v. Walker, 385 F. Supp. 945 (E.D. Ill. 1974) ............................... 7

RKB Enterprises Inc. v. Ernst & Young, 182 A.D.2d 971, 972-73,
582 N.Y.S.2d 814 (3rd Dept. 1992) ......................................................... 9

Sclafani v. Insurance Co. of North America, 671 F. Supp. 364 (D. Md. 1987) ... 7

Schwartz Bros., Inc. v. Striped Horse Records, 745 F. Supp. 338 (D. Md. 1990) ... 6

Veltze v. Bucyrus-Erie Co., 791 F. Supp. 1363 (E.D. Wis. 1992) .......... 6

Village Imp. Ass'n of Doylestown, Pa. v. Dow Chemical Co., 655 F. Supp. 311
(E.D. Pa. 1987) .......................................................................................... 6

Widlitz v. Scher, 148 A.D.2d 530, 540 N.Y.S.2d 179 (2 Dept. 1989) .... 11

## FACTS

Plaintiff, The Space, Inc., owns a studio at 425 West 15th Street, New York, NY with different rooms that it rents out to photographers, magazines and other companies. Customers purchase time at The Space and often rent equipment from The Space, such as cameras, lights and backgrounds. One such customer was defendant Perry Alan Simowitz and his numerous company names. Mr. Simowitz rented space on January 8, 2006, July 11, 2006, October 9, 2006, October 11, 2006, December 11, 2006, February 7, 2007, May 1, 2007, May 7, 2007, May 31, 2007, July 24, 2007, and/September 11, 2007. On most of these dates, he also rented equipment.

At various points in the subject year and a half period, plaintiff requested from Mr. Simowitz payment for the rentals. Mr. Simowitz assured plaintiff that he would pay. However, he failed to do so and in late 2007 returned to California and threatened bankruptcy. It has recently come to the plaintiff's attention that Mr. Simowitz and his companies failed to pay approximately 60 creditors around the country. He is seeking to avoid liability by claiming to not be personally liable for these debts (as he is doing in this motion), threatening bankruptcy of his companies, and continuing his business under a new company name.

Plaintiff seeks to be paid the $137,673.25 that it is owed plus interest and attorneys fees. Additionally, plaintiff believes that Mr. Simowitz never intended to pay for the services, and seeks damages for fraud, as well as punitive damages.

## ARGUMENT

### POINT I
### Defendants' Notice of Removal Should Be Dismissed and this Case Sent Back to State Court, as Defendant Failed to File the Notice of Removal Within 30 Days of Service of the Summons and Complaint Upon Them

Pursuant to the relevant statute, 28 U.S.C.A. § 1446(b), stipulates in pertinent part:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt of the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ...

Throughout the federal districts of this country, the time requirement for filing for removal is mandatory; it must be strictly complied with. Village Imp. Ass'n of Doylestown, Pa. v. Dow Chemical Co., 655 F. Supp. 311 (E.D. Pa. 1987). This rule will be strictly or narrowly construed. Greensmith Co., Inc. v. Com Systems, Inc., 796 F. Supp. 812 (D.N.J. 1992); Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5 (E.D. N.Y. 2005). Failure to file for removal in time precludes such filing at any subsequent stage of the proceedings. Schwartz Bros., Inc. v. Striped Horse Records, 745 F. Supp. 338 (D. Md. 1990). In other words, failure to file a notice of removal within the statutory period constitutes a waiver of the right to remove. Veltze v. Bucyrus-Erie Co., 791 F. Supp. 1363 (E.D. Wis. 1992). In addition, in cases involving multiple defendants, the failure of one defendant to make a timely filing seeking removal, or to timely join in a notice of removal, will defeat removal as to all defendants. Grzetich v. VLI Corp., 670 F. Supp. 793 (N.D. Ill. 1987); See McKinney v. Board of Trustees of Mayland Community College, 955 F.2d 924, 72 Ed. Law Rep. 767 (4th Cir. 1992) ("If the defendant does not act within thirty days, the case may not be removed"); Golke v. Lee Lumber & Bldg. Materials

Corp., 671 F. Supp. 568, 122 Lab. Cas. (CCH) ¶56959 (N.D. Ill. 1987) (holding that the 30-day limitation period for removal to federal court is mandatory, and strict compliance with the statute is required); Anton Leasing, Inc. v. Engram, 671 F. Supp. 366 (D. Md. 1987); Sclafani v. Insurance Co. of North America, 671 F. Supp. 364 (D. Md. 1987); (Dial-In, Inc. v. ARO Corp., 620 F. Supp. 27 (N.D. Ill. 1985) (Perrin v. Walker, 385 F. Supp. 945 (E.D. Ill. 1974); Albonetti v. GAF Corporation-Chemical Group, 520 F. Supp. 825 (S.D. Tex. 1981).

In the instant case, on January 18, 2008 plaintiff commenced an action against defendants in Supreme Court, County of New York, with the purchasing of Index No.: 100814/08, and the filing of a Summons and Complaint. The Summons and Complaint was served on defendants on February 12, 2008. On March 20, 2008, defendants, by counsel, filed a Notice of Removal and a Rule 7.1 Disclosure Statement, along with the Notice of Motion which is presently before this Court. This Notice of Removal was filed 37 days after defendants' were served with the Summons and Complaint. As defendant's failed to file the Notice of Removal within the required time period, the Notice of Removal should be dismissed and the case should be returned to the Supreme Court, New York County.

In addition, it has been held that the 30-day filing period for filing the notice begins on the date that a defendant has solid and unambiguous information that the case is removable, even if that information is solely within its own possession. Holston v. Carolina Freight Carriers Corp., 936 F.2d 573 (6th Cir. 1991). As defendants are clearly based out of California and plaintiff out of New York, and the Complaint requests damages far in excess of $75,000.00, it had to have been clear to defendants on the day they received the complaint that there was diversity of citizenship and the claim was above the monetary threshold, thereby making this case eligible for removal. In spite of the foregoing, defendants failed to timely file the Notice.

7

## POINT II
### If This Court Does Not Dismiss The Notice Of Removal And Considers Defendants' Motion, Plaintiff's Fraud Cause Of Action Should Not Be Dismissed, As Plaintiff Has Stated A Valid Fraud Claim

If this Court does not dismiss defendants' Notice of Removal, plaintiff's fraud cause of action is specific enough to withstand defendants' challenge. Rather than making the complaint unnecessarily lengthy, plaintiff provides in Paragraph 18 that it reiterates the prior allegations. (See Exhibit "2", p. 6). The prior allegations which were stated in plaintiff's breach of contract cause of action (paragraphs 9 – 17) are specific and provide dates, times and places, and are repeated by reference in the fraud cause of action.

In addition, contrary to what defendants state in Points I and III of their Memorandum, the fraud cause of action is different from the breach of contract cause of action in its allegations. Plaintiff alleges that defendants induced it to enter the contracts (para. 20), that defendants knew their representations were false (para. 22), and the representations were made for the purpose of defrauding the plaintiff (para. 23). These allegations are completely different from plaintiff's breach of contract cause of action which does not allege any state of mind or intention by defendants and instead merely relies on defendants' failure to pay plaintiff for good and valid consideration.

A fraud claim can be dismissed as redundant when it merely restates a breach of contract claim, i.e., when the only fraud alleged is that the defendant was not sincere when it promised to perform under the contract <u>Gordon v. Dino De Laurentiis Corp.</u>, 141 A.D.2d 435, 436, 529 N.Y.S.2d 777 (1st Dept. 1988). By contrast, a cause of action for fraud may be maintained where a plaintiff pleads a breach of duty separate from, or in addition to, a breach of the contract. <u>Non-</u>

Linear Trading Co. v. Braddis Assocs., Inc., 243 A.D.2d 107, 118, 675 N.Y.S.2d 5 (1st Dept. 1998). If a plaintiff alleges that it was induced to enter into a transaction because a defendant misrepresented material facts, the plaintiff has stated a claim for fraud even though the same circumstances also give rise to the plaintiff's breach of contract claim. RKB Enterprises Inc. v. Ernst & Young, 182 A.D.2d 971, 972-73, 582 N.Y.S.2d 814 (3rd Dept. 1992).

Here, the material facts that defendants misrepresented were that they were solvent and could continue to rent from plaintiff on credit. In reality, defendants were already in significant debt to many creditors and were insolvent. Clearly defendants were aware of their financial trouble long before they entered into many of the 60 contracts, especially the newer contracts, such as the contracts between them and plaintiff. This circumstantial evidence is certainly strong enough to surmise that defendants knew they could not afford and did not intend to pay plaintiffs under the contract at the time the contract was entered into. Unlike a misrepresentation of future intent to perform, a misrepresentation of present facts is collateral to the contract (though it may have induced the plaintiff to sign the contract) and therefore involves a separate breach of duty. Deerfield Communications Corp. v. Chesebrough-Ponds Inc., 68 N.Y.2d 954, 956, 510 N.Y.S.2d 88, 502 N.E.2d 1003 (1986).

The instant case is similar to First Bank of Americas v. Motor Car Funding, Inc., 257 A.D.2d 287, 690 N.Y.S.2d 17 (1 Dept.,1999), where the core of plaintiff's claim was that defendants intentionally misrepresented material facts about various individual loans so that they would appear to satisfy these warranties, because otherwise plaintiff would have neither the obligation nor the desire to purchase them. The Court found that a fraud claim can be based on a breach of contractual warranties notwithstanding the existence of a breach of contract claim See Jo Ann Homes at Bellmore, Inc. v. Dworetz, 25 N.Y.2d 112, 120-21, 302 N.Y.S.2d 799, 250

9

N.E.2d 214 (1969).

Point I of defendants' Memorandum is also inaccurate in its claim that the damages sought in the two causes of action are the same. In the First Cause of Action, plaintiff merely seeks damages for the value of its services under the contract. In the cause of action for fraud however, even though plaintiff requests the same monetary damage figure, it states "in excess of that amount". In no way is plaintiff seeking to be limited by that figure in an award of damages for fraud. More importantly, plaintiff seeks punitive damages in the fraud claim but not in the breach of contract claim.

Finally, in Point IV of defendants' Memorandum of Law in Support of their Notice of Motion, defendants' claim that the fraud claim should be dismissed for failure to comply with the Federal Rules of Civil Procedure governing pleadings. Defendants' counsel appears to misread the caption on plaintiff's complaint which states, Supreme Court, New York County. This case was filed in State Court in which the Federal Rules are not applicable. Notwithstanding defendants' argument, the facts prove that the complaint is specific enough to withstand the pleading requirements of the FRCP.

## POINT III
### If This Court Does Not Dismiss The Notice Of Removal And Considers Defendants' Motion, Perry Alan Simowitz Should Not Be Permitted To Escape Individual Liability

As to the fraud claim against defendant Simowitz, he can be held personally liable if he committed fraud individually, which is what is alleged. There is significant case law which provides that corporate officers may be held personally liable for personal torts committed in the performance of their duties for their corporation. See Widlitz v. Scher, 148 A.D.2d 530, 540 N.Y.S.2d 179 (2 Dept. 1989); Bellinzoni v. Seland, 128 A.D.2d 580, 512 N.Y.S.2d 846 (2d Dept. 1987); Clark v. Pine Hill Homes, 112 A.D.2d 755, 492 N.Y.S.2d 253 (4 Dept. 1985); Cleland v. Fort Ticonderoga Assn., 71 A.D.2d 740, 419 N.Y.S.2d 261 (4th Dept. 1985); Bailey v. Baker's Air Force Gas Corp., 50 A.D.2d 129, 376 N.Y.S.2d 212 (3rd Dept. 1975); See also I. Towjer, Inc. v. Tarran, 236 A.D.2d 518, 519, 654 N.Y.S.2d 626 (2 Dept. 1997) [denying summary judgment to sole shareholder and officer of corporate defendant, where the former negotiated the allegedly fraudulent transaction]; First Bank, *supra*. Thus, if the fraud cause of action is not dismissed, defendant Simowitz must be held in as a defendant at least with reference to the fraud cause of action.

As to the breach of contract cause of action, defendants argue that corporate directors and officers are not personally liable on contracts of their corporations, provided "they did not purport to bind themselves personally under such contracts". This statement oversimplifies the laws on piercing the corporate veil. First, this rule applies only where the director or officer has acted in good faith. See Citicorp Retail Services, Inc. v. Wellington Mercantile Services, Inc., 90 A.D.2d 532, 455 N.Y.S.2d 98 (2d Dep't 1982); First Bank, *supra*; Lodato v. Greyhawk North America, L.L.C., 10 Misc. 3d 418, 807 N.Y.S.2d 818, 824 (Kings Sup. 2005).

In the instant case, there is significant evidence that defendant Simowitz did not act in

good faith. It is clear from defendants' threats of bankruptcy that they intended to become insolvent so that creditors can collect only minimally against them. The only other target, the president and sole officer of these companies, defendant Perry Alan Simowitz, hides behind this corporate protection and seeks to avoid personal liability, thereby leaving all creditors with no financial remedy. In addition, it is believed that defendant Simowitz has opened a new company and is essentially running the same business under a different name. It is alleged that all of the foregoing was known and intended when plaintiff was induced to render services to defendants.

In addition, Courts often do not dismiss cases against corporate officers at an early stage of the litigation, because it is difficult to determine whether the corporate officer should be held personally liable before discovery is completed and all the documents have been exchanged and testimony has been taken. See First Bank, *supra*. In First Bank, the Court denied of summary judgment because discovery was not complete. The plaintiff there sought documents relating to the officer's relationship with the corporation, the observance of corporate formalities, and financial records that could shed light on whether the individual was the corporation's alter ego. Under CPLR 3212(f), the court may deny a motion for summary judgment if it appears that "facts essential to justify opposition may exist but cannot then be stated." Veil-piercing is a fact-laden claim that is not well-suited for summary judgment resolution Forum Ins. Co. v. Texarkoma Transp. Co., 229 A.D.2d 341, 342, 645 N.Y.S.2d 786 (1st Dept. 1996). The Court in First Bank stated that before the motion could be granted, plaintiff was entitled to obtain necessary discovery to ascertain whether there are grounds to pierce the corporate veil. See also Aubrey Equities v. SMZH 73rd Assocs., 212 A.D.2d 397, 398, 622 N.Y.S.2d 276, (1st Dept. 1995). The Court in First Bank reasoned that if plaintiff is correct that defendants' document production on the alter ego issue was deficient, defendants should not receive a benefit by having

this claim dismissed for lack of evidence.

Here, plaintiff only dealt with Perry Alan Simowitz. At no point did another individual present himself or herself as an officer of any of defendant companies. However, it is difficult to ascertain at this point what defendant Simowitz's relationship was with his company. Clearly the discovery process will assist all parties in determining defendant Simowitz's true relationship with his company and whether he acted in good faith in entering into thesr contracts with the plaintiff.

Dated: New York, New York
       April 14, 2008

_____
BRETT M. GROSSMAN
GROSSMAN & GROSSMAN, P.C.
Attorneys for Plaintiff
360 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 616-8177

## AFFIDAVIT OF MAILING

STATE OF NEW YORK )
) SS.:
COUNTY OF NEW YORK )

      MARGARET BURTON, being duly sworn, deposes and says:

      I am not a party to the within action, am over 18 years of age, and reside in Bronx County.

      On April 21, 2008, I served the annexed **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S CROSS MOTION AND IN OPPOSITION TO DEFENDANTS' NOTICE OF MOTION** by depositing a true copy thereof, enclosed in a postpaid wrapper to be sent regular mail, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following person(s) at the last known address set forth:

      GORDON & REES, LLP.
      90 Broad Street, 23rd floor
      New York, New York 10004

      _____
      MARGARET BURTON

Sworn to before me this
21st day of April, 2008

_____
Notary Public
MICHAEL F. GROSSMAN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 24-4646299
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES: February 28, 2010

Case No. 08 CV 2854 (SAS) (HBP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE SPACE, INC.,

              Plaintiff,

-against-

PERRY ALAN SIMOWITZ, SPOTLIGHT VENTURES, INC., d/b/a PERRY ALAN PRODUCTIONS, PERRY ALAN SIMOWITZ, d/b/a PERRY ALAN PRODUCTIONS AND PERRY ALAN PRODUCTIONS,

              Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S CROSS MOTION AND IN OPPOSITION TO DEFENDANTS' NOTICE OF MOTION**

BRETT M. GROSSMAN
**Grossman & Grossman, P.C.**
Attorneys for Plaintiff
360 Lexington Avenue, 12th floor
New York, New York 10017
(212) 616-8177

Attorney(s) for _____

Service of a copy of the within is hereby admitted.
Dated. ..................

Attorney(s) for _____