UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

THE SPACE, INC.,

                      Plaintiff,                      Case No. 08 CV 2854
                                                                      (SAS)

        -against-

PERRY ALAN SIMOWITZ, SPOTLIGHT VENTURES,
INC. d/b/a PERRY ALAN PRODUCTIONS, PERRY
ALAN SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS,
and PERRY ALAN PRODUCTIONS,

                      Defendants.

------------------------------------------------------------------X


## REPLY BRIEF IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION


**GORDON & REES, LLP**
ATTORNEYS FOR DEFENDANTS
**PERRY ALAN SIMOWITZ, SPOTLIGHT VENTURES, INC. d/b/a PERRY ALAN PRODUCTIONS, PERRY ALAN SIMOWITZ d/b/a PERRY ALAN PRODUCTIONS AND PERRY ALAN PRODUCTIONS**
90 BROAD STREET, 23ʳᴅ FLOOR
NEW YORK, NEW YORK 10004
PHONE: (212) 269.5500
FAX: (212) 269.5505

## PRELIMINARY STATEMENT

While plaintiff predicates his Cross Motion upon the argument that Defendants have failed to timely file the Motion to Remove to Federal Court, they do so with the most unclean of hands as their own cross motion is out of time, and should, therefore, not be considered by this Court.

Defendants initially filed their removal papers from New York Supreme Court with the Clerk's Office on March 13, 2008. While the initial submission appeared acceptable to the Clerk, defendants later learned that a few ministerial issues had to be corrected. After addressing these small issues, involving numbers of copies and the like, Defendants re-submitted the removal petition on March 18, 2008, at which point the matter was successfully removed. Plaintiff then had 30 days from March 18, 2008 to file a Motion to Remand. Plaintiff's remand papers were filed on April 21, 2008, <u>33 days</u> after Defendants removal papers were filed. Since Plaintiff's remand papers were untimely, the Court should deny Plaintiff's motion to remand this action.

As to the merits of Defendants' Motion to Dismiss, plaintiffs opposition should be denied. Plaintiff has still neither demonstrated that it properly plead a claim of fraud, nor shown that Defendants misrepresented their solvency at any point relevant to this matter. Plaintiff did not plead the claim for fraud with the required specificity. Finally, Plaintiff has not pronounced a sustainable reason to proceed against Simowitz personally. Plaintiff has neither alleged Simowitz was an alter ego of other Defendants nor alleged that Simowitz personally bound himself to any contract with Plaintiff.

For these, Plaintiffs' Cross-Motion to Remand should be denied and Defendants Motion to Dismiss should be granted.

# FACTS

Defendants adopt and incorporate the facts from their moving papers. On March 13, 2008, Defendants timely filed their removal petition with the Clerk's Office in the Southern District of New York. The Clerk's Office initially accepted the papers, obviously believing that defendants had substantially complied with proper procedure, but later that day sent Defendants a letter stating there were a few ministerial errors, mostly involving the number of copies. Upon receipt of the Clerk's letter, Defendants immediately corrected the problems and re-submitted the papers on March 18, 2008. The Clerk then accepted and filed the entire removal petition. See a copy of the receipt from the Clerk's Office for the filing of the removal papers as attached hereto as Exhibit 1. See a copy of the docket report attached hereto as Exhibit 2.

Plaintiff's cross-motion to remand this action to State Court is dated April 21, 2008, more than 30 days after Defendants filed their removal papers, and based upon plaintiff's own argument concerning timing of motion papers, must now be denied.

# ARGUMENT

## 1. PLAINTIFF'S CROSS-MOTION TO REMAND THIS MATTER SHOULD BE DENIED AND THIS MATTER SHOULD REMAIN BEFORE THIS COURT

*A. Defendants' Initial Filing of their Notice of Removal substantially complied with the rules of this Court and this Court, in the interest of justice, should find that Defendant' attempt satisfied the spirit of the rule.*

Defendants originally filed their Notice of Removal on March 13, 2008. The Clerk's office accepted the removal papers. Later that day, the Clerk's Office sent a letter indicating that Defendants' filing had a few minor ministerial errors. See the letter from the Clerk's office dated March 13, 2008 attached hereto as Exhibit 3. The letter noted a few minor deficiencies with the Defendants' Notice. Clearly, these defects were small and Defendants substantially complied with the necessary requirements.

Courts have long been receptive to accepting such filings under similar circumstances.

See *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043 (2d Cir. 1991). In *Somlyo*, the Second Circuit held that although the removal petition failed to comply with the District Court's local rules requiring civil cover sheet and legal backing, and such defects were not remedied until after the time for filing a removal petition had expired, the District Court, in the interest of fairness, could properly find the removal petition filed as of the date the Clerk's Office first accepted the papers. See *Somlyo* 932 F.2d 1043. This situation is similar to the instant matter where Defendants filed their removal papers on March 13, 2008 and after the Clerk's Office determined the petition had a few minor errors that were quickly corrected. Unfortunately, due to the timing of the notice from the Clerk, the motion was not completely filed until after the 30 day time period to file the removal papers had run. In the interest of fairness, this Court should find that Defendants filed the notice for removal on March 13, 2008.

*B. Plaintiff's Cross-Motion to Remand this Matter should be Denied because it was Filed more than 30 Days After the Notice of Removal was Filed*

Plaintiff failed to timely file a motion to remand this action back to State court. 28 U.S.C. § 1447(c) provides, in relevant part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Price v. J & H Marsh & McLennan, Inc., 493 F.3d 55, 58-59 (2d Cir. 2007). The Second Circuit has held that the time requirements are strictly construed. See Price 493 F.3d 55. Since Defendants filed their removal petition no later than March 18, 2008, Plaintiff had to file its motion to remand by April 17, 2008. ( See Exhibits 1&2)

Plaintiff's motion to remand was dated April 21, 2008. Since Plaintiff's motion to remand was filed after April 17, 2008, Plaintiff's papers were not timely. Therefore, even if Defendants' removal papers contained a procedural defect, Plaintiff did not timely file its remand

papers. In light of Plaintiff's ironic failure to file its removal papers within 30 days of March 18, 2008, this matter should not be remanded to State court.

## 2. PLAINTIFF'S SECOND CAUSE OF ACTION, ALLEGING FRAUD, SHOULD BE DISMISSED AGAINST ALL DEFENDANTS

*A. Plaintiff's Failed to State a Valid Cause of Action for Fraud*

Plaintiff's fraud claim should be dismissed because Plaintiff failed to state a valid claim for fraud upon which relief can be granted. Plaintiff has not set forth any allegations or factual statements alleging a cause of action for fraud. Instead, Plaintiff's Complaint contains conclusory allegations and legal conclusions. Such statements are not sufficient to state a claim for fraud. Idema v. Wager, 120 F.Supp.2d 361, 365 (S.D.N.Y. 2000). Plaintiff is required to provide concrete facts establishing every single element of its fraud claim to overcome a motion to dismiss. See DM Research, Inc. v. College of Amer. Pathologists, 170 F.3d 53 (1st Cir. 1999).

Plaintiff attempts to circumvent this requirement by arguing that Defendants ignored the Complaint's incorporation and re-allegation of the statements and allegations of the breach of contract cause of action in the fraud claim and thereby satisfied the requirement. However, Defendants recognized standard pleading conventions and incorporated them into its analysis of Plaintiff's Complaint. Even after careful scrutiny of the entire Complaint, Plaintiff has failed to state a claim for fraud.

*B. Plaintiff's Fraud Claim Cannot Survive Dismissal Because It Merely Restates Plaintiff's Breach Of Contract Claims*

Plaintiff's claim for fraud should be dismissed because it merely restates Plaintiff's claim for breach of contract. "A fraud claim is not sufficiently stated where it alleges that a defendant did not intend to perform a contract…when he made it." Eastman Kodak Company v. Roopak

Enterprises, LTD., 202 A.D.2d, 222, 608 N.Y.S.2d 445, 446 (1st Dept. 1994) quoting Gordon v. Dino De Laurentiis Corp., 141 A.D.2d 435, 436, 529 N.Y.S.2d 777 (1st Dept. 1998). In Eastman Kodak, the Court found that, "The defendant herein merely alleged that at the time plaintiff entered into the contract, it had no intention of providing services to the Mini-Lab in the future...the proposed fraud claims were, therefore, legally deficient because they depended on alleged misrepresentations of future intent." Eastman Kodak at 222.

In the instant matter, Plaintiff alleges Defendants, "represented to the plaintiff that they would in exchange plaintiff's performances under the contracts, pay plaintiff under each of these contracts." (sic). See Plaintiff's Complaint ¶ 19. The subsequent paragraphs Plaintiff cites in its opposition papers concern allegations that Defendants would not pay rent. See Plaintiff's Complaint ¶¶ 20-23.

However, Plaintiff's entire Complaint is devoid of any statement, mention or inference that Defendants misrepresented their solvency at any particular point prior to or during the contract at issue. Plaintiff concedes, as it must, that a misrepresentation of future intent to perform, even if it induced the Plaintiff to sign the contract, is not a separate cause of action in fraud, but is simply a restatement of a claim for breach of contract. At most, Plaintiff alleges Defendants misrepresented a future intent not to pay for Plaintiff's services. Such an allegation, as Plaintiff agrees, is simply a restatement of a claim for breach of contract. Plaintiff fails to allege that Defendants misrepresented present facts concerning their ability to pay. Therefore, Plaintiff's claim for fraud must be dismissed because it simply restates a breach of contract claim.

*C. Plaintiff's Fraud Claim Fails to Satisfy the Pleading Requirements of both New York Civil Practice Law and Rules and the Federal Rules of Civil Procedure*

Plaintiff's fraud claim should be dismissed because it fail to satisfy the pleading requirements outlined in New York CPLR § 3016(b). In order to satisfy the strict pleading requirements of CPLR § 3016(b) Plaintiff must state, in detail, the circumstances surround the purported fraud. Modell's N.Y. Inc., v. Noodle Kidoodle, Inc., 242, A.D.2d 248, 249, 662 N.Y.S.2d 24, 26 (1st Dept. 1997). Conclusory allegations do not satisfy CPLR § 3016(b)'s pleading requirements. Dumas v. Fiorito, 13 A.D. 332, 333, 786 N.Y.S.2d 106, 107 (2nd Dept., 2004).

Notably, Plaintiff has not bothered refuting Defendants other arguments that Plaintiff failed to properly plead a claim for fraud. Plaintiff has not offered any reasons for its failure to identify who made the alleged false representations that Defendants would pay for Plaintiff's services. Further, Plaintiff has failed to plead the necessary facts specific to each individual against whom the fraud claim is made. Plaintiff's en masse pleading, the equivalent of throwing paint on a canvas, fails this requirement. Plaintiff's fraud claim should be dismissed because of its pleading defects.

Plaintiff's fraud claim must also be dismissed because it fails to satisfy the pleading requirements as set forth in Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure. Plaintiff as failed to put Defendants on proper notice as required by Federal Rule of Civil Procedure 9(b). Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc., 170 F.R.D. 361, 374 (S.D.N.Y. 1997). Plaintiff's sole argument that its fraud claim should not be dismissed for failure to comply with the pleading requirements of the Federal Rules of Civil Procedure is that its Complaint was originally filed in Supreme Court, New York County. However, this matter is

no longer in the Supreme Court, New York County and must be analyzed under Federal pleading requirements.

Further, Plaintiff's excuse rings hollow because Plaintiff, on page seven of its opposition/cross-motion papers, states that "there was diversity of citizenship and the claim was above the monetary threshold, thereby making this case eligible for removal." Since Plaintiff was clearly aware that this case could be removed to Federal Court, Plaintiff should have pled its fraud claim with the specificity required by the Federal Rules of Civil Procedure. Plaintiff's failure to plead with specificity in light of the possibility of removal does not cure this fatal defect.

## 3. PERRY ALAN SIMOWITZ CANNOT BE HELD PERSONALLY LIABLE IN THIS CONTRACT CASE

In its opposition brief, Plaintiff attempts to argue that Defendant Perry Alan Simowitz (Simowitz), should be held personally liable in this contract case. However, the case law suggests otherwise. Corporate officers, such as Simowitz, have not been found to be personally liable for contracts that the corporation entered into "unless the officer expresses some intention to be personally bound." W. Joseph McPhillips Inc. v. Ellis, 278 A.D.2d 682, 717 N.Y.S.2d 743 (3rd Dept. 2000)(citations omitted). Plaintiff's Complaint does not contain any allegations that Simowitz intended to be personally bound by the supposed contracts at issue in this matter. Plaintiff's failure to include any such allegations is fatal to this argument.

In his opposition, Plaintiff appears to mistake the requirements of a motion for summary judgment for a motion to dismiss. A motion to dismiss is based solely on the allegations and purported facts contained within the Complaint. Ryder Energy Distribution Corporation v. Merrill Lynch Commodities Inc., E.F., 748 F.2d 774, 779 (2d Cir. 1984). Plaintiff continues to refer to "evidence" that Defendants threatened bankruptcy, however this "evidence" is not found

anywhere in the four corners of Plaintiff's Complaint. Although it would be patently improper, Plaintiff does not even refer to extrinsic evidence, to support these allegations. There is not a single allegation in the Complaint that Simowitz agreed to be personally bound by any purported contract. This is the mostly likely explanation for Plaintiff's failure to cite to its Complaint in opposing the part of Defendants' motion seeking dismissal of all claims against Simowitz personally. Plaintiff's attempts to include allegations not pled in its Complaint should stave off dismissal of its claims against Simowitz in his individual capacity.

Plaintiff has also failed to plead that Simowitz was an alter ego of any of the Defendants which is fatal to its efforts to improperly keep Simowitz in this action. See Ryder at 779. Plaintiff only raised the allegation that Simowitz was an alter ego of the rest of Defendants in its opposition papers to Defendants Motion to Dismiss. Plaintiff, citing First Bank of Americas v. Motor Car Funding, Inc., 257 A.D.2d 287, 690 N.Y.S.2d 17 (1st Dept. 1999), keeps referring to significant evidence that Simowitz did not act in good faith. However, Plaintiff does not provide such "evidence" and fails to cite to a single paragraph in its Complaint to support this claim. Similarly, Plaintiff claims that "Courts do not dismiss cases against corporate officers at any early stage of the litigation…" but misapplies this principle, rooted in motions for summary judgment, to the instant motion to dismiss. Plaintiff's claim against Simowitz individually should be dismissed because Plaintiff's Complaint fails to allege he acted in bad faith and that he was the alter ego of the remaining Defendants. Any evidence to support such claims is immaterial in light of Plaintiff's defective pleadings. Therefore, Plaintiff's causes of action against Simowitz should be dismissed in their entirety.

## CONCLUSION

Based upon his failure to timely file a motion to remand to state court, Plaintiff's cross-

motion to remand this matter should be dismissed. Further, Defendants' Motion to Dismiss Plaintiff's Second Cause of Action, alleging fraud, should be granted with respect to all Defendants and Defendants' Motion to Dismiss the entire Complaint as against Perry Alan Simowitz, as an individual, should be granted.

Dated:      New York, New York
            April 30, 2008

                                    Respectfully submitted,

                                    GORDON & REES LLP

                                    _____
                                    Matthew J. Koster, Esq. (MK 3080)
                                    Attorneys for Defendants
                                    90 Broad Street, 23rd Floor
                                    New York, New York 10004
                                    Email: MKoster@Gordonrees.com
                                    Phone: 212.269.5500
                                    Fax:   212.269-5505