UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- X
                       :

THE SPACE, INC.,              :

                       :      **OPINION AND ORDER**

                       :

            Plaintiff,    :      08 Civ. 2854 (SAS)

                       :

      - against -          :

                       :

PERRY ALAN SIMOWITZ,     :
SPOTLIGHT VENTURES, INC. d/b/a  :
PERRY ALAN PRODUCTIONS,    :
PERRY ALAN SIMOWITZ d/b/a    :
PERRY ALAN PRODUCTIONS, and  :
PERRY ALAN PRODUCTIONS,    :

                       :

          Defendants.   :
------------------------------------------------- X



SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.    INTRODUCTION

        The Space, Inc. brings this action against Perry Alan Simowitz,

Spotlight Ventures, Inc., and Perry Alan Productions for breach of contract, fraud,

and unjust enrichment stemming from defendants' alleged failure to fulfill their

payment obligations according to eleven contracts with The Space.  There are

three motions presently pending before this court: (1) The Space's motion for

remand; (2) defendants' joint motion to dismiss the fraud claim; and (3)

Simowitz's motion to dismiss.  For the reasons set forth below, both The Space's

motion for remand and Simowitz's motion to dismiss are denied, and defendants'

joint motion to dismiss the fraud claim is granted with leave to replead.

## II.    BACKGROUND

### A.    Plaintiff's Claims Against Defendants[1]

The Space is a corporation formed by and under the laws of the state

of New York.  Simowitz is a resident of the state of California.[2]  Spotlight

Ventures, Inc. and Perry Alan Productions are corporations domiciled in

California.[3]

The Space owns studio space in New York City that it rents, along

with photography equipment, to customers.[4]  On eleven occasions,[5] The Space

entered into rental contracts with at least one of the defendants.[6]  The Space

---

[1]    The facts in this section are taken from The Space's Complaint, moving papers, and a joint stipulation between the parties, and are assumed to be true for purposes of this motion.

[2]    *See* Complaint ("Compl.") ¶¶ 1-2.

[3]    *See* 6/20/08 Letter from Counsels for All Parties to the Court.

[4]    *See* Memorandum of Law in Support of Plaintiff's Cross Motion and in Opposition to Defendants' Notice of Motion ("Pl. Mem.") at 5.

[5]    January 8, 2006; July 11, 2006; October 9, 2006; October 11, 2006; December 11, 2006; February 7, 2007; May 1, 2007; May 7, 2007; May 31, 2007; July 24, 2007, and September 11, 2007.  *See* Compl. ¶¶ 9-12.

[6]    According to the Complaint, The Space does not know which of the defendants was a party to each of the eleven contracts.  The Space alleges that defendants were conducting business under each other's names and makes

2

performed its obligations according to each contract but never received any payment from any of the defendants.[7] The total value of the eleven unpaid contracts is $137,673.25.[8] The Space alleges that despite assurances to the contrary, defendants never intended to meet their contractual obligations.[9]

## B.    Defendants' Notice of Removal[10]

The Space served defendants with the summons and complaint on February 12, 2008.[11] On March 13, 2008, exactly thirty days after being served with the Summons and Complaint, defendants filed a notice of removal with the United States District Court for the Southern District of New York ("SDNY").[12]

---

cumulative or alternative claims against all defendants as to all of the contracts. *See id.* ¶¶ 9-12, 13.

    [7]    *See id.* ¶¶ 14-15.

    [8]    *See id.* ¶ 16.

    [9]    *See id.* ¶¶ 19, 22-23.

    [10]    The facts for this section are taken from The Space's cross-motion to remand, as well as defendants' opposition to the cross-motion and supporting documents.

    [11]    *See* Pl. Mem. at 7.

    [12]    *See* Reply Brief in Opposition to Plaintiff's Cross-Motion ("Def. Opp.") at 1; 3/13/08 Letter from the SDNY Office of the Clerk to Defendant's Counsel ("Clerk Ltr."), Ex. 3 to 4/30/08 Declaration of Defendants' Counsel Matthew Koster in Support of Defendants' Reply Brief in Opposition to Plaintiff's Cross-Motion.

3

Subsequently, the SDNY Clerk's Office ("Clerk's Office") notified defendants by mail that the filing was unsuccessful.[13] The Clerk's Office informed defendants that they had failed to submit the SDNY civil cover sheets and their Rule 7.1 corporate disclosure statement, as well as a self addressed envelope, and had made other paperwork-related errors.[14] Defendants corrected these errors and successfully refiled their notice of removal on March 18, 2008, thirty-five days after being served with the summons and complaint.[15]

## III.   LEGAL STANDARD

### A.    Rule 12(b)(6) – Motion to Dismiss

When deciding a defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "accept as true all of the factual allegations contained in the complaint"[16] and "draw all inferences in the light most favorable to the non-moving party . . . ."[17] Nevertheless, the court need not accord

---

[13]    *See* Def. Opp. at 1; Clerk Ltr.

[14]    Defendants had checked too many boxes for the Citizenship of Principal Parties and had not chosen a venue. *See* Clerk Ltr.

[15]    *See* 3/18/08 Notice of Removal.

[16]    *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1975 (2007) (quotation marks omitted). *Accord In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

[17]    *In re NYSE Specialists*, 503 F.3d at 95.

4

"[l]egal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness."[18]

　　　　In deciding a motion to dismiss, the court is not limited to the face of the complaint, but "may [also] consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit."[19]  However, "before materials outside the record may become the basis for a dismissal . . . it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document."[20]

　　　　"Federal Rule of Civil Procedure 8(a)(2) requires . . . 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[21]  To survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet the standard of "plausibility."[22]  Although the complaint need not provide

---

[18]　　*Id.* (quotation marks omitted).

[19]　　*ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

[20]　　*Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).

[21]　　*Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

[22]　　*See Bell Atl.*, 127 S. Ct. at 1970.

"detailed factual allegations,"[23] it must "amplify a claim with some factual

allegations . . . to render the claim *plausible*."[24]  The standard is no longer that a

complaint can be dismissed only if there is "no set of facts" that plaintiff could

prove "which would entitle him to relief."[25]  Rather, the complaint must provide

"the grounds upon which [the plaintiff's] claim rests through factual allegations

sufficient 'to raise a right to relief above the speculative level.'"[26]

## B.     Leave to Replead

Whether to permit a plaintiff to amend its pleadings is a matter

committed to the Court's "sound discretion."[27]  Rule 15(a) provides that leave to

amend a complaint "shall be freely given when justice so requires."  Moreover,

"[i]t is the usual practice upon granting a motion to dismiss to allow leave to

---

[23]     *Id.* at 1964.  *Accord ATSI*, 493 F.3d at 98 n.2 (applying the standard
of plausibility outside *Bell Atlantic*'s anti-trust context).

[24]     *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in
original).

[25]     *Bell Atl.*, 127 S. Ct. at 1969 (quoting *Conley v. Gibson*, 355 U.S. 45,
46 (1957)).  *Accord id.* ("The phrase is best forgotten as an incomplete, negative
gloss on an accepted pleading standard.").

[26]     *ATSI*, 493 F.3d at 98 (quoting *Bell Atl.*, 127 S. Ct. at 1965).

[27]     *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir.
2007).

replead."[28]  Leave to replead should be denied, however, where the proposed

amendment would be futile, if there is undue delay, bad faith, or dilatory motive,

or where the opposing party would suffer undue prejudice.[29]  Leave to amend "will

be denied as futile only if the proposed new claim cannot withstand a 12(b)(6)

motion to dismiss for failure to state a claim."[30]

## IV.    APPLICABLE LAW

### A.    Procedural Requirements for Removal

Defendants seeking to remove a case to federal court must comply

with the removal procedures in 28 U.S.C. § 1446.  Specifically, section 1446(b)

requires a defendant to file a notice of removal thirty days after receiving the

---

[28]    *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

[29]    *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002).  *See also Cortec Indus.*, 949 F.2d at 48 ("[W]here a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").

[30]    *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

7

initial pleading.[31] The thirty-day period is strictly construed.[32] It is "triggered by formal service" of the summons and complaint.[33]

Additionally, defendants must comply with the local rules governing removal procedure. The Second Circuit has held, however, that "a district court has inherent authority to determine when to overlook or excuse a departure from its own local rules, regardless of whether such departure is authorized in the federal rules or not."[34] Exercise of this authority is a matter of discretion and should be guided by "whether strict application of the local rules would lead to an

---

[31]    The statute provides in pertinent part:  "[A] notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).

[32]    *See Maybruck v. Haim*, 290 F. Supp. 721, 723 (S.D.N.Y. 1968) ("[T]he 30-day limit for the filing of the removal petition . . . is mandatory and cannot be extended by this Court.") (citations omitted).

[33]    *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 202 ("[T]he commencement of the removal period [can] only be triggered by formal service of process, regardless of whether the statutory phrase 'or otherwise' hints at some other proper means of receipt of the initial pleading.") (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-55 (1999)).

[34]    *Phoenix Global Ventures, LLC v. Phoenix Assocs.*, 422 F.3d 72, 75 (2d Cir. 2005) (citing *Somlyo v. J. Lu-Rob Enters.*, 932 F.2d 1043, 1048-49 (2d Cir. 1991)).

8

unjust result."[35]

## B.    Fraud

An allegation of fraud must satisfy Rule 9(b), which requires the complaint to "state with particularity the circumstances constituting fraud or mistake."[36] "This pleading constraint serves to provide a defendant with fair notice of a plaintiff's claim, safeguard his reputation from improvident charges of wrongdoing, and protect him against strike suits."[37] To comply with the requirements of Rule 9(b), a plaintiff must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."[38] "Allegations that are conclusory or unsupported by factual assertions are insufficient."[39] Rule 9(b) must be read in conjunction with Rule 8's

---

[35]    *Id.*

[36]    Fed. R. Civ. P. 9(b).

[37]    *ATSI*, 493 F.3d at 99 (citing *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004)).

[38]    *Rombach*, 355 F.3d at 170 (quotation omitted). *Accord ATSI*, 493 F.3d at 99 (citing *Novak v. Kasaks*, 216 F.3d 300, 306 (2d Cir. 2000)).

[39]    *ATSI*, 493 F.3d at 99.

requirement of a 'short and plain statement' of the claim.[40]

To prevail on a common law fraud claim under New York law, a plaintiff must prove the following by clear and convincing evidence: (1) a misrepresentation or omission of material fact; (2) that the defendant knew to be false; (3) that the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) that caused injury to the plaintiff.[41]

New York law "precludes fraud actions where the 'only fraud charged relates to a breach of contract.'"[42] "'A contract action cannot be converted to one for fraud merely by alleging that the contracting party did not intend to meet its contractual obligations.'"[43] "General allegations that defendant entered into a

---

[40]    *See DiVittorio v. Equidyne Extractive Indus.*, 822 F.2d 1242, 1247 (2d Cir. 1987) (quoting Fed. R. Civ. P. 8(a)(2)).

[41]    *See Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006) (citing *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir. 1997)). *See also Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001); *Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 421 (1996).

[42]    *Lomaglio Assoc., Inc. v. LBK Mktg. Corp.*, 892 F. Supp. 89, 94 (S.D.N.Y. 1995) (quoting *Miller v. Volk & Huxley, Inc.*, 355 N.Y.S.2d 605, 607 (1st Dep't 1974)). *Accord Metropolitan Transp. Auth. v. Triumph Advertising Prod.*, 497 N.Y.S.2d 673, 675 (1st Dep't 1986) ("Given that the alleged fraudulent misrepresentations set forth in the first cause of action [for breach of contract] relate only to the specifications of the contract . . . the second cause of action [for fraud] is redundant . . . .").

[43]    *Sichel v. Unum Provident Corp.*, 230 F. Supp. 2d 325, 328 (S.D.N.Y. 2002) (quoting *Rocanova v. Equitable Life Ins. Soc'y*, 83 N.Y.2d 603, 614

contract while lacking the intent to perform it are insufficient to support" a claim for fraud.[44]  However, "it does not . . . matter that the alleged fraudulent representation is virtually identical to the promise contained in the contract as long as it is made at a different time and place."[45]  All that is required is 'something extra,' such as subsequent assurances of performance, to form the basis for a claim of fraud.[46]

### C.    Breach of Contract

To establish a claim for breach of contract under New York law, a party must prove "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages."[47]

### D.    Unjust Enrichment

A plaintiff may recover on a claim for unjust enrichment if it can show that "(1) defendant was benefitted; (2) at the plaintiff's expense; and (3) that

_____

(1994)).

[44]      *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 318 (1995).

[45]      *Gotham Boxing, Inc. v. Finkel*, No. 601479, 2008 WL 104155, at *10 (Sup. Ct. N.Y. Co. 2008).

[46]      *See id.*

[47]      *Terwilliger v. Terwilliger*, 206 F.3d 240, 245-46 (2d Cir. 2000).

equity and good conscience require restitution."[48]   Under New York law, "[t]he

theory of unjust enrichment lies as a quasi-contract claim.  It is an obligation the

law creates in the *absence* of any agreement."[49]   Therefore, "[t]he existence of a

valid and enforceable written contract governing a particular subject matter

ordinarily precludes recovery in quasi contract for events arising out of the same

subject matter."[50]  However, this rule only applies when the existence of a contract

governing the transaction in question is undisputed.[51]

## V.   DISCUSSION

### A.   The Space's Motion to Remand

Defendants filed their notice of removal on March 13, 2008, within

thirty days of being served with the complaint.[52]  The filing was rejected solely for

---

[48]   *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006) (citation omitted).

[49]   *Id.* at 586-87 (citation omitted) (emphasis added).

[50]   *Id.* at 587 (citation omitted).

[51]   *See Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 663 (2d Cir. 1996) (holding that a claim for unjust enrichment was "properly pleaded as such in the alternative to the contractual claim" where one defendant disputes being a party to the contract). *See also Sofi Classic S.A. de C.V. v. Hurowitz,* 444 F. Supp. 2d 231, 249 (S.D.N.Y. 2006) (holding that an unjust enrichment claim survived dismissal where the parties disagreed as to whether underlying contracts were binding on defendants).

[52]   *See* Pl. Mem. at 7.; Def. Opp. at 1; Clerk Ltr.

12

failure to comply with local rules.[53]  After being notified of the failure by the

Clerk's Office, defendants cured the defects five days later on March 18, 2008.[54]

Because I find that remanding this case for failure to comply with local rules

would lead to an unjust result, The Space's motion to remand is denied.[55]

### B.    Exclusion of New Factual Allegations in Plaintiff's Opposition

In its opposition to defendants' motions to dismiss, The Space makes

a host of new factual allegations that are not contained in the Complaint and

fundamentally alter the foundations of its claims.[56]  Because these new allegations

cannot be considered without converting defendants' motion to dismiss into a

---

[53]    *See* Clerk Ltr.

[54]    *See* 3/18/08 Notice of Removal.

[55]    *See Somlyo*, 932 F.2d at 1045-48 (finding that fairness demanded that
noncompliance with local rules be excused where a timely removal notice that
"did not have a civil cover sheet and legal backing" in violation of the local rules
was not corrected until fifteen days after the thirty-day limit). *See also Phoenix*,
422 F.3d at 76 (finding that fairness demanded that noncompliance with local
rules be excused where a motion for remand would have been timely but for
failure "to comply with the ECF system requirements").

[56]    The Space's opposition alleges that Simowitz is the only person with
whom The Space has ever had any dealings regarding the contracts in this case,
and that Simowitz used his corporate co-defendants in a nationwide scheme to
defraud creditors. *See* Pl. Opp. at 5, 9, 13.  Based on these new factual allegations,
The Space alleges misrepresentations about the solvency of Simowitz's co-
defendants as the basis for its fraud claim, and makes a new claim against
Simowitz on the basis of corporate veil piercing. *See id*. at 9, 12-13.

motion for summary judgment, I decline to consider them at this time.[57]

### C.    New York Law Applies to This Action

Defendants argue that New York law applies to this case.[58]  The

Space does not directly address the issue of what law should apply.  The Space

and defendants cite exclusively to New York State cases and Second Circuit cases

that apply New York law in addressing substantive legal issues.[59]  Because

"'implied consent . . . is sufficient to establish choice of law,'"[60] I shall apply New

York law.

### D.    Defendants' Dismissal Motions

#### 1.    Dismissal of the Fraud Claim[61]

---

[57]    *Leonard F. v. Israel Discount Bank*, 199 F.3d 99, 107 (2d Cir. 1999) (holding that the court is "required to convert [a] defendant's 12(b)(6) motion into a motion for summary judgment" before basing its ruling on a factual assertion not contained in the complaint).

[58]    *See* Memorandum in Support of Defendants' Partial Motion to Dismiss ("Def. Mem.") at 5.

[59]    *See id*. at 6-8, 11-12; Pl. Opp. at 8-9, 11-12; Def. Opp. at 4-5, 7-8.

[60]    *See Santalucia v. Sebright Transp., Inc.*, 232 F.3d 293, 296 (2d Cir. 2000) (quoting *Tehran-Berkeley Civil & Environmental Eng'rs v. Tippetts-Abbett-McCarthy-Stratton*, 888 F.2d 239, 242 (2d Cir. 1989)).

[61]    "[The Federal Rules] apply to a civil action after it has been removed from state court."  Fed. R. Civ. P. 81(c)(1).  Because the fraud claim is dismissed for failure to state a claim, any failure to comply with the pleading requirements of Rule 9(b) need not be discussed.  However, the Complaint as drafted fails to

The Spaces alleges that on eleven occasions, one or all of defendants knowingly misrepresented "that [defendants] would in exchange [for The Space's] performance under the contracts, pay [The Space] under each of these contracts."[62] The Space's allegation of defedants' misrepresentations of their future intent to perform their contracts is a mere repetition of the breach of contract claim, and is patently insufficient to support a claim for fraud under New York law.[63] Accordingly, the fraud claim is dismissed. Leave to replead is granted, however, because The Space's opposition alleged that Simowitz made misrepresentations subsequent to entering into the contracts that he would settle defendants' outstanding debts. These assurances were then relied upon by the Space when it entered into new contracts with defendants.[64]

### 2.    Simowitz's Motion to Dismiss

clearly identify the speaker of the alleged misrepresentations. *See 380544 Canada, Inc. v. Aspen Tech., Inc.*, 544 F. Supp. 2d 199, 218 (S.D.N.Y. 2008). If an amended complaint is filed plaintiff should take this under advisement.

[62]    *See* Compl. ¶ 6.

[63]    *See Sichel*, 230 F. Supp. 2d at 328 ("'A contract action cannot be converted to one for fraud merely by alleging that the contracting party did not intend to meet its contractual obligations.'") (quoting *Rocanova*, 83 N.Y.2d at 614).

[64]    *See Gotham*, 2008 WL 104155, at *11 (holding that assurances of future performance that were made subsequent to entering into a contract can form the basis for a claim of fraud).

Because the fraud claim has been dismissed, the only remaining claims against Simowitz are the breach of contract and unjust enrichment claims. Simowitz moves to dismiss these claims because he never personally agreed to be bound by any of the contracts in this case.[65]

The Space asserts that Simowitz entered into eleven contracts with The Space, that he failed to fulfill his obligations under these contracts, and that these unfulfilled obligations caused The Space to suffer lost revenue.[66] Because The Space has alleged all four elements of a breach of contract claim against Simowitz, that claim cannot be dismissed.

The Space also asserts that Simowitz has been personally enriched at The Space's expense through use of The Space's studio space and photography equipment.[67] The Space further asserts that it would be unjust for Simowitz to retain the benefits of this use without compensating The Space.[68] The unjust

---

[65]    *See* Def. Mem. at 11-12.

[66]    *See* Compl. ¶¶ 9, 15-16.
It should be noted, however, that The Space did not base its opposition to defendants' motion on the allegation that Simowitz personally entered into the contracts, but rather on Simowitz's alleged fraud and a claim for corporate veil piercing. These allegations are not found in the Complaint.

[67]    *See id.* ¶¶ 25-28.

[68]    *See id.* ¶¶ 26, 28.

16

enrichment claim is properly pled as an alternative to the breach of contract claim because Simowitz disputes that he is individually bound by any of the contracts with The Space.[69]  Because The Space's allegations satisfy the elements of an unjust enrichment claim against Simowitz, the unjust enrichment claim cannot be dismissed.  Accordingly, Simowitz's motion to dismiss is denied.

## VI.    CONCLUSION

The Space's motion to remand and Simowitz's motion to dismiss are denied.  Defendants' joint motion to dismiss the fraud claim is granted with leave to replead.  The Clerk of the Court is directed to close these motions [docket nos. 4 and 5].  Plaintiff may file an Amended Complaint within thirty days of the date of this Order.  If an Amended Complaint is timely filed, a conference is scheduled for August 4 at 4:30 p.m.

---

[69]    *See Sofi,* 444 F. Supp. 2d at 249 (finding that an unjust enrichment claim survived dismissal where the parties disagreed as to whether underlying contracts were binding on defendants).

17

SO ORDERED:

_____

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            July 7, 2008

18

## -Appearances-

**For Plaintiff:**

Brett M. Grossman, Esq.
Grossman & Grossman, P.C.
360 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 616-8177

**For Defendants:**

Deborah Swindells Donovan, Esq.
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 269-5500